## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AL-QAADIR GREEN,<br>          Plaintiff<br><br>          v.<br><br>STEVEN JOHNSON,<br>STEVEN M.DILIO,<br>ANTONIO CAMPOS,<br>TIMOTHY MAINES,<br>R.DOLCE,<br>T.CORTES,<br><br>          Defendant | COMPLAINT  *15-8531*<br><br>Civil Action No. ▰ )*TJB*<br>                 *FLN* |

## INSTRUCTIONS READ CAREFULLY

1. This complaint must be legally handwritten or typewritten
   signed by the plaintiff and subscribed to under penalty of
   perjury as being true and correct. All questions must be
   answered concisely in the proper space on the form. Where
   more space is needed to answer any question , attach a
   separate sheet.

2. In accordance with Rule 8 of the Federal Rules of Civil
   Procedure , the complaint should contain (1) a short and
   plain statement of the grounds upon which the court's
   jurisdiction depends , (2) a short plain statement of the
   claim that you are entitled to relief and (3) a demand for
   judgment for the relief which you seek.

3. You must provide the full name of <u>each</u> defendant or defendants
   and where they can be found.

4. You must send the original and one copy of the complaint
   to the Clerk of the District Court. You must also send one
   additional copy of the complaint <u>for each defendant</u>. Do not
   send the complaint directly to the defendants.

5. Upon receipt of a fee of $150.00 , your complaint will be
   filed. You will be responsible for service of a separate
   summons and copy of the complaint on each defendant. See
   Rule 4, Federal Rule of Civil Procedure.

   Marshal , who is responsible for service. The marshal has
   USM-285 forms you must complete so that the Marshal can
   locate and serve each defendant. If the forms are sent to
   you , you must complete them in full and return the form
   to the marshal.

### QUESTION TO BE ANSWERED

1. Jurisdiction is asserted pursuant to (CHECK ONE)

   _x_        42 U.S.C § 1983 (applies to state prisoners)

2. Previously Dismissed Federal Civil Actions or Appeal

   N/A

3. Place of Present Confinement? New Jersey State Prison

4. Parties

   a. Name of Plaintiff: Al-Qaadir Green
      Address: New Jersey State Prison - P.O. BOX 861
               Trenton,N.J. 08625
      Inmate # SBI 000247719C / 140213

   b. First defendant-name: Steven M. Dilio
      Official position: Administrator(former)
      Place of employment: New Jersey State Prison
               How is this person involved in the case?
      This defendants failure to comply with N.J.A.C.10A:5-5.3
      and/or instruct his administrative assistance's to do so

clearly violated the Plaintiffs Due Process rights as required
by N.J.A.C. 10A:5-5.3(c)1.2.3.(d)1.2.or3.(e) and allow the
plaintive to appeal the final decision of the Administration
violating the plaintiffs Federal Constitution Right of Due
Process and right to access to the courts to appeal the final
decision to the New Jersey Appellated division for three
(3) years subjecting the plaintiff to atypical and significant
hardship.

c. Second defendant-name: Steven Johnson

Official position: Administrator

Place of employment: New Jersey State Prison

How is this person involved in the case?

This defendants failure to comply with N.J.A.C.10A:5-5.3
and/or instruct his administrative assistance's to do so
clearly violated the Plaintiffs Due Process rights as required
by N.J.A.C. 10A:5-5.3(c)1.2.3.(d)1.2.or3(e) On Final Admi-
inisrative appeal of plaintiffs placement on Involuntary
Protective Custody and denial of the plaintiffs federal
constitutional right to access to the courts to appeal the
final decision of the Administration to the New Jersey Appell-
ate Division for Four $\frac{1}{2}$ years subjecting the plaintiff
atypical and significant hardship.

d. Third Defendant-name: Antonio Campos

Official Position: Associate Administrator

Place of employment: New Jersey State Prison

How Is This Person Involved In This Case

This defendant repeated failures to adhere to the guide-
lines setforth by the New Jersey Legislator in N.J.A.C.
10A:5-5.1(c);10a:5-5.3(c)1.2.3.(d)1.2.3(e),has Denied and
violated the plaintiffs federal Constitutional right to Due
Process and access to the court, causing the plaintiff to
be arbitrarily housed on Involuntary Protective Custody
status for $4\frac{1}{2}$ years, subjecting the plaintiff to atypical
and significant hardship.

e. Fourth Defendant-name: Timothy Maines

Official Position:Asst.Administrator

Place of employment:New Jersey State Prison

How Is This Person Involved In this Case

This defendant repeated failures to adhere to the guide-
lines setforth by the New Jersey Legislator in N.J.A.C.
10A:5-5.1(c);10a:5-5.3(c)1.2.3.(d)1.2.3(e),has Denied and
violated the plaintiffs federal Constitutional right to Due
Process and access to the court, causing the plaintiff to
be arbitrarily housed on Involuntary Protective Custody
status for 4½ years, subjecting the plaintiff to atypical
and significant hardship.


f.Fifth Defendant-name: R.Dolce

Official Position:Senior Investigator Of The

Special Investigator Division

Place of employment:New Jersey State Prison

How is this person involved in this case?

This defendant repeated failures to adhere to the guide-
lines setforth by the New Jersey Legislator in N.J.A.C.
10A:5-5.1(c);10a:5-5.3(c)1.2.3.(d)1.2.3(e),has Denied and
violated the plaintiffs federal Constitutional right to Due
Process and access to the court, causing the plaintiff to
be arbitrarily housed on Involuntary Protective Custody
status for 4½ years, subjecting the plaintiff to atypical
and significant hardship.


g.Sixth Defendant-name:T.Cortes

Official Position: Involuntary Protective Custody

Hearing Officer

Place of employment:New Jersey State Prison

How is this person involved in this case?

This defendants failure to adhere to N.J.A.C.10A5-5.2,has
denied and violated the plaintiffs Federal Constitutional
Right Of Due Process and has caused the plaintiff to be
arbitrarily confined to his cell for 23 hrs and 50 minutes
a day with no physical human contact or ability to exercise

for 4½ years due to this defendants rudder stamp placement of plaintiff on Involuntary Protective Custody Status subjecting the plaintiff to atypical and significant hardship.

5. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the statement of claims.

Yes_x_or___No

The plaintiff has completed all four stages of the Inmate Inquiry and Administrative Remedy/Grievance system at New Jersey State Prison on three (3) separate occasion (2014&2015) On both occasions the defendants responded that they will address the plaintiff's appeal at his next review.

## STATEMENT OF CLAIMS

1.On November 14, 2005 I was convicted (by jury trial) of the following offense(s) in Indictment No. 01-10-4345: Ct. #1 Conspiracy to commit Robbery 2nd°; Ct.#2 Armed Robbery of Juana Osuna 1st°; Ct.#3 Armed Robbery of Christian Made 1st°; Ct.#4 Armed Robbery of Sofia Rodriguez 1st°; Ct.#5  Armed Robbery of Marisol Rosario 1st°; Ct.#6 Attempt Mur. of Sofia Rodriguez 1st°; Ct.#7 SBI of Sofia Rodriguez 2nd°; Ct.#8 Felony Mur. of Juana Ozuna 1st°; Ct.#10 Know. Purp. Murder of Juana Ozuna on own conduct 1st°; Ct.#11 Felony Murder of Christian Made 1st°; Ct.#13 Know. Purp. Murder of Christian Made 1st°; Ct.#14 Unlaw. Poss. of Weap. (Firearm) 3rd°; Ct.#15 Know., Unlaw. Poss. of Weap. (handgun) against person/property 2nd°.

2.The Plaintiff was sentenced by HONORABLE JUDGE BETTY J.LESTER on January 20, 2006 to two consecutive life terms and transferred to New Jersey State Prison.

3.On June 29, 2009, The plaintiff was involved in a fight with

another inmate which resulted in the plaintiff being charged
with institutional an institutional infraction #*004.(Fighting
with another person) and was sanction to 30 days of detention
consecutive to 180 days of administrative segregation.

4.On July 22, 2011, The plaintiff was involved in a fight with
two inmates in the west compound mess hall which resulted in
the plaintiff receiving several institutional infractions
#*803/*003,*202,256,*004,*306. On July 25,2011, all institutional
infractions was dismiss by the disciplinary hearing officer
because the plaintiff was not given notice of the infraction
in within 48 hours.

5.On July 27,2011, The plaintiff was moved to unit 3-B-R Cell#
03,(Which is a close custody unit that house Protective Custody
Involuntary Protective Custody, Maximum Control Unit Inmates,
Administrative Segregation Inmates, Title 30 Inmates, and General
Population inmates.) and was housed and paid as P.C./M.C.U.,
without being given notice that inmate was being considered
for I.P.C or M.C.U in accordance with N.J.A.C. 10A:.

6.On August 26, 2011, The plaintiff was recharged with the same
institutional infraction ( that was dismissed by the Disciplinary
Hearing Officer for violation of Due process), # *004,*202,*256,
*306,*803/*003,*011. The charges was re-issued by Special
Investigator Nadia Zook based on a claim of newly discovered
evidence that was not available at the time the original charges
which consisted of the video of the fight and a phone call made
by the plaintiff after being order by the social to call my
cousin because she was calling to findout if i was okay after
hearing that i was involved in a fight.

7.On September 29, 2011, The plaintiff was found guilt of all
but one of the institutional infractions received on august
26, 2011, except *004 because it was repetitive to *803/*003
infraction.

8.On September 30, 2011, The plaintiff filed an administrative appeal of the institutional infractions that plaintiff was found guilty.

9.On October 13, 2011, Assistant Administrator William Anderson upheld the decision of the Hearing Officer.

10.On November 22, 2011, The plaintiff filed a Notice of Appeal from The Final Order of The Administrative Decision to The APPELLATE DIVISION Of NEW JERSEY.

11.On June 26, 2012, The APPELLATE JUDGE granted the States Motion to remand the Plaintiff's back to New Jersey Department Of Corrections for further review.

12.On July 25, @012, The Hearing Office , ( at the orders of N.J.D.O.C. legal counsel) absent a new hearing or prior notice all institutional charges against the plaintiff was dismissed and his 2 $\frac{1}{2}$ year Administrative segregation sanction was dismissed.

13.On November 16,2012, The Plaintiff returned from yard to find form 146-II(N.J.A.C. 10A:5) notifying the plaintiff that he was,"Now housed in emergent Protective Custody" and "That he is under consideration for placement in Protective Custody", this form was singed by Sergeant S.Spires. The plaintiff was never informed of the reason why he was up for Involuntary Protective Custody or provided with counsel substitute as required by N.J.A.C. 10A:5-5.2(a)(b)(c)(d)(e)(f)(g).

14.On November 16,2012, the plaintiff was given his first Protective custody Hearing by Hearing Officer DiBenedetti.

15.On November 29,2012, the hearing officer made the decision to place the plaintiff on Involuntary Protective Custody based

on allegations and theories mad by Special Investigator Nadia
Zook. **PLEAS NOTE: Special investigator Nadia Zook Is The same
Investigator that re-issue the institutional infraction to the
plaintiff that was dismissed on two occasions for violation
of the plaintiffs DUE PROCESS RIGHTS:**

**16.**On December 3,2012, the plaintiff received the decision of
the hearing officer by sergeant C.Spires.

**17.**On December 3,2012, The plaintiff submitted an appeal of
his placement on Involuntary Protective Custody ( via the
institutional mail and the inmate remedy system for documentation
reasons),in accordance with N.J.A.C. 10A:5-5.3(b).

**18.**On December 21,2012, the plaintiff submitted inmate remedy
form inquiring as to why the administration did not respond
to the plaintiffs letter of Appeal for his IV.P.C. that was
submitted in accordance with N.J.A.C. 10A5-5.(b), that was not
responded to by the administration in accordance with N.J.A.C.
10A:5-5.3(d)(e).The defendant returned the plaintiffs remedy
unanswered with a corrective action form attached with # 18
marked telling the plaintiff to resubmit the appeal; Which the
plaintiff did comply.

**19.**On January 8, 2013, the plaintiff submitted another inmate
remedy form as to why he had not received a response to the
letter of appeal he submitted challenging his placement on
IV.P.C.. Again, the defendants returned the plaintiff with a
corrective action form attached with # 18 checked.

**20.**On January 15,2013, Administrator Jimmy Barnse responded
to the plaintiffs housing unit 3-B-L, to conduct quarterly
protective custody reviews and annual prison classification
**committee reviews (Plaintiff did not receive neither review)
the plaintiff was able to get Mr.Barnes attention. The plaintiff**
asked Mr.Barnes why no one has responded to his IV.P.C. appeal

on allegations and theories mad by Special Investigator Nadia
Zook. PLEAS NOTE: Special investigator Nadia Zook Is The same
Investigator that re-issue the institutional infraction to the
plaintiff that was dismissed on two occasions for violation
of the plaintiffs DUE PROCESS RIGHTS:

16.On December 3,2012, the plaintiff received the decision of
the hearing officer by sergeant C.Spires.

17.On December 3,2012, The plaintiff submitted an appeal of
his placement on Involuntary Protective Custody ( via the
institutional mail and the inmate remedy system for documentation
reasons),in accordance with N.J.A.C. 10A:5-5.3(b).

18.On December 21,2012, the plaintiff submitted inmate remedy
form inquiring as to why the administration did not respond
to the plaintiffs letter of Appeal for his IV.P.C. that was
submitted in accordance with N.J.A.C. 10A5-5.(b), that was not
responded to by the administration in accordance with N.J.A.C.
10A:5-5.3(d)(e).The defendant returned the plaintiffs remedy
unanswered with a corrective action form attached with # 18
marked telling the plaintiff to resubmit the appeal; Which the
plaintiff did comply.

19.On January 8, 2013, the plaintiff submitted another inmate
remedy form as to why he had not received a response to the
letter of appeal he submitted challenging his placement on
IV.P.C.. Again, the defendants returned the plaintiff with a
corrective action form attached with # 18 checked.

20.On January 15,2013, Administrator Jimmy Barnse responded
to the plaintiffs housing unit 3-B-L, to conduct quarterly
protective custody reviews and annual prison classification
committee reviews (Plaintiff did not receive neither review)
the plaintiff was able to get Mr.Barnes attention. The plaintiff
asked Mr.Barnes why no one has responded to his IV.P.C. appeal

he responded "That he received my appeal , that he will not
be responding to the appeal but, will address my appeal at my
next quarterly review.

21.On January 15,2013, After speaking with Administrator Mr.
Jimmy Barnes at the plaintiffs cell door, the plaintiff submitted
another inmate remedy form ( case # 13-01-119),reporting the
exchange between the plaintiff and Mr.Barnes regarding the
plaintiffs IV.P.C. appeal and there non-compliance with N.J.A.C.
10A:5-5.3(d).

22.On February 15,2013, The defendant responded to the plaintiffs
inmate remedy form dated January 15,2013 (case # 13-01-119),
and stated that "Pursuant to N.J.A.C. 10A:5-5.4 Your above
request will be addressed during your scheduled IV.P.C. review
in April 2013".

23.On February 27,2013, The Assistant Superintendent or
appropriate Administrative Designee signed the response issued
on February 15,2013, in part 3 of the inmate remedy form
endorsing the response.

24.On March 7, 2013, The plaintiff appealed the response issued
in part 3 of the inmate remedy form. The plaintiff quoted what
N.J.A.C. 10A:5-5.3(d)(e) states regarding the duty of the
administration when it come to the Appeal of IV.P.C..

25.On March 26,2013, The defendant responded to the appeal of
the plaintiffs inmate remedy form. The defendant reiterated
that the " plaintiff has a quarterly review in April and should
the plaintiff have an appeal that was submitted to provide the
administration with a copy at the review.

26.On January 16,2014, The plaintiff submitted an inmate remedy
form ( after finding out that the Prison was under a new
Administration headed by Mr.Stephen M.Dilio ) , detailing that

he was being denied Due Process of law starting from the
plaintiffs placement on IV.P.C..(case # 14-02-0441)

27.On February 27,2014, Mr.Robinson responded to the plaintiffs
remedy ( case # 14-02-0441) stating that he will schedule a
court line hearing as soon an updated S.I.D/P.C. report is
submitted.

28.On March 5,2014, The plaintiff appealed Mr. Robinson's
response in part 3 of the inmate remedy form (case # 14-02-0441)
stating that a new hearing does not correct the fact that his
appeal of the first IV.P.C. was never addressed.

29.On March 2014, Administrator Antonio Campos responded to
the plaintiffs inmate remedy appeal, and stated that the appeal
will be addressed a the "HEARING".

30.On July 29,2014, The plaintiff was given notice by sergeant
C.Spires,that he was up for protective custody review on July
31,2014.

31.On July 31,2014, The plaintiff was given a protective custody
hearing by hearing officer Falver. The hearing officer denied
the plaintiff counsel substitute to adequately collect evidence
and present the facts. The hearing officer told the plaintiff
to write to S.I.D and ask them to conduct the plaintiffs
investigation. Absent counsel substitute the hearing officer
base its reason for the plaintiffs continued placement on
Involuntary Protective Custody on a claim made by S.I.D that
the plaintiff will retaliate and seek reprisal of unnamed
inmates.

32.On August 6,2014, The plaintiff submitted an appeal of the
hearing officers decision to continue the plaintiffs placement
on IV.P.C. that was received and stamped received by
GM.Dipasquale at 9:05 am. This appeal was submitted in accordance

with N.J.A.C. 10A:5-5.(b).

33.On November 24,2014, The plaintiff submitted an Inmate
Grievance form (case no. 14-12-0003), after waiting for a
response to plaintiffs IV.P.C. appeal decision that was submitted
on August 6,2014.

34.On December 5,2014, The plaintiff received the final response
allowed after exhausting the Inmate Grievance system, the
defendant Antonio Campos responded that the plaintiffs appeal
was denied but failed to do so in accordance with N.J.A.C. 10A:
5-5.3(c)1.2.3.(d)1.2.3.(e). Denying the plaintiff his
Constitutional Right to Due Process of Law and Access to the
Court.

35.On July 18,2015, The plaintiff was notified by Sergeant
C.Spires by way of form 146-II that he was to have an annually
review on July 21,2015 to determine if the plaintiffs placement
on IV.P.C. is warranted.

36.On July 29,2015, The plaintiff received an IV.P.C. hearing
that was conducted by Hearing Officer T.Cortes a defendant in
this action. The defendant T.Cortes based her decision to keep
the plaintiff on IV.P.C. off S.I. R.Dolce report dated June
23,2015, which is the exact same report submitted by S.I. Zook
dated October 31,2012  and S.I. K.Koch dated July 17,2014. The
reports are verbatim to each other except for the names of the
author and the date it was issued. The hearing Office also relied
on the report of the incident dated September 13,2011, that
was dismissed on two separate occasions because the usage of
the reports violated the plaintiffs Constitutional Right to
Due Process of Law. With all the information that the Hearing
Officer relied  on to rubber stamp S.I.D placement of the
plaintiff on IV.P.C.
the hearing officer could not have believed or agreed with
the plaintiffs placement on IV.P.C. because she recommended

that the plaintiff be transferred to another prison general
population.

37.On July 31,2015, The plaintiff promulgated several copies
of his appeal contesting the hearing officers continued place-
ment of the plaintiff on IV.P.C..

38.On September 17,2015, The plaintiff received a response from
Melissa Matthews, one of the several people the plaintiff sent
a copy of his IV.P.C. appeal to asking that they forward it
to the appropriate Administrator. Mrs. Matthews, stated that
she spoke with the defendant Timothy Maines, that he is in
receipt of the plaintiff IV.P.C. appeal, that the matter is
under review, and a response is forthcoming.

39.On October 8,2015, The plaintiff received a response on the
Inmate Grievance form (dated 8-1-15) that the plaintiff attached
to his IV.P.C. appeal. The grievance was answered by the
defendant Timothy Maines stating " your appeal will be considered
during your next scheduled P.C. review. The defendant did not
give this grievance a case number for tracking purposes instead
the plaintiff wrote in place of the case number" Not Grievance".

40.On October 8,2015, The plaintiff responded to the defendants
response in part 3 of the inmate grievance form. The plaintiff
Quoted N.J.A.C. 10A:5-5.3 and informed the defendant that by
not complying with 10A: they are denying the plaintiff his
constitutional right of Due Process of Law and Access to the
Courts to appeal the final decision of the Administration.

41.On October 14,2015, The plaintiff received the Inmate
Grievance form unanswered with an Inmate Grievance System
Redirective Form attached with # 18 marked stating " this form
was not a Grievance and therefore can not be appealed. Resubmit.
The defendant responded to the plaintiff's appeal on a grievance
in part 3 of the Inmate Grievance Form. Therefore, the plaintiff

has to appeal an action that does not comply with N.J.A.C. 10A:5-5.3 and violates the plaintiffs Constitutional Rights.

42. The plaintiff has now been housed o IV.P.C. status for a period in excess of four (4) years based solely on an Investigation that did not include an interview of the plaintiff or other inmates that S.I.D allege the plaintiff seeks to retaliate against.

43. No Hearing Officer has ever conducted an independent investigation or based their reason for the plaintiff's continued placement on IV.P.C. other than S.I.D. . Although , N.J.A.C. 10A:55.2 allows the hearing officer to do so.

44. No Administrator or commissioner has ever insured that the regulations codified in N.J.A.C. 10A:5-5.1-24 is being adhered to by their subordinates.

45. The reason for the plaintiff's placement has changed from a threat on the plaintiff's life to the plaintiff is seeking retaliation and reprisal with no evidence to support these opened allegations by S.I.D..

46. As a result of the defendants to utilize other forms of action to prevent this alleged claim of retaliation and reprisal by the plaintiff that is available within N.J.A.C 10A: such as separation from the alleged inmates and/or transfer to other Correctional facilities, the plaintiff has suffered atypical and significant hardships.

47. The plaintiff has been confined to a single inmate cell for four (4) years for all but Ten (10) minutes per day to take a shower and One (1) hour and Forty-five (45) minutes two days a week.

48. This outdoor recreation is inside a cage approximately 8

has to appeal an action that does not comply with N.J.A.C. 10A:5-5.3 and violates the plaintiffs Constitutional Rights.

42. The plaintiff has now been housed o IV.P.C. status for a period in excess of four (4) years based solely on an Investigation that did not include an interview of the plaintiff or other inmates that S.I.D allege the plaintiff seeks to retaliate against.

43. No Hearing Officer has ever conducted an independent investigation or based their reason for the plaintiff's continued placement on IV.P.C. other then S.I.D. . Although , N.J.A.C. 10A:55.2 allows the hearing officer to do so.

44. No Administrator or commissioner has ever insured that the regulations codified in N.J.A.C. 10A:5-5.1-24 is being adhered to by their subordinates.

45. The reason for the plaintiff's placement has changed from a threat on the plaintiff's life to the plaintiff is seeking retaliation and reprisal with no evidence to support these opened allegations by S.I.D..

46. As a result of the defendants to utilize other forms of action to prevent this alleged claim of retaliation and reprisal by the plaintiff that is available within N.J.A.C 10A: such as separation from the alleged inmates and/or transfer to other Correctional facilities, the plaintiff has suffered atypical and significant hardships.

47. The plaintiff has been confined to a single inmate cell for four (4) years for all but Ten (10) minutes per day to take a shower and One (1) hour and Forty-five (45) minutes two days a week.

48. This outdoor recreation is inside a cage approximately 8

foot x 12 foot in diameter with no form of exercise, access to running water ( Plaintiff is allowed to bring one (1) 22 oz. cup of water to yard in 20° or 90° degree weather ), or a bathroom.

49. The plaintiff is not allowed to have any contact with other inmates at all. this is to include during recreation periods.

50. The plaintiff is not allowed contact visit with family or friends. The plaintiff contact visit was taken for one (1) year in 2009 by the hearing officer for a non zero tolerance infraction. The only way for the plaintiff to have his contact visit reinstated the plaintiff must partake in an institutional program such as but not limited to cage your rage , thinking for a change behavior modification AA or NA.

51. The plaintiff is not allowed to partake in institutional programs or educational programs as codified in N.J.A.C. 10A: 5-5.15. This denial to allow the plaintiff to partake in the institutional programs is preventing the plaintiff from receiving contact visits from his father who is a retired N.J.D.O.C. Correction Officer that now lives in South Caroline and has to travel twelve (12) hours for a visit. This administration also uses the plaintiff lost of contact visit as a tool to deny the plaintiff congregate status which allows for the inmate to be house on a unit designated for IV.P.C. and P.C. that receive contact visits. This denial has caused the plaintiff to suffer atypical and significant hardship.

52. The plaintiff is not allowed sufficient access to the law library , reading library, the machines ( typewriters ), or legal calls. The plaintiff must get a paralegal to make legal calls for him but, the paralegal has to act like he is the plaintiff because the court will not provide the plaintiffs information to a third party.

53.The plaintiff is forced to eat all his meal in his cell and
is not given any time to eat his meals so the plaintiff must
keep the trash in his cell to the next meal or the next day.

54.The plaintiff is not provided with recreation and exercise
as it is codified within N.J.A.C. 10A:5-5.14(a)(b). The defendant
continues to use security as its reason for not complying with
10A: but, provides congregate IV.P.C. and P.C. inmates on the
south compound of the prison with the proper recreation and
exercise.

55.The New Jersey Legislature Pass a Bill called "Isolated
Confinement Restriction Act", Which clearly established New
procedures for segregation for incarcerated inmates within the
border of the State of New Jersey. This bill specifically
addresses inmates placed in IV.P.C.: Section 4. Paragraph (4)
subsection(b). The inmate may be placed in Involuntary Protective
custody only when there is clear and convincing evidence that
confinement is necessary to prevent reasonably foreseeable harm
and that no less restrictive intervention would be sufficient
to prevent such harm.

56.The defendant(s) has no intention of releasing the plaintiff
to general population for the duration of his life sentence
without Due Process of Law and credible evidence or other means
such as keep separates and transfer to East Jersey State Prison.
The continued housing of the plaintiff in IV.P.C. will continue
to cause the plaintiff atypical and significant hardship.

57.Upon the plaintiff's information and belief less then 5%
of all inmates incarcerated within the State of New Jersey will
be subjected to the kind of deprivation and isolation suffered
by the plaintiff for more then 2 years and out of that 5% far
less then 1% will be subjected to the kind of deprivations and
isolation suffered by the plaintiff for a period of time
exceeding 5 years.

Respectfully Submitted,

Al-Qaadir Green
SBI # 247719C-140213

Date: 11-23-15

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

AL-QAADIR GREEN,                   :
      Plaintiff                   :
                    :         **COMPLAINT**
                    :
      v.                        :
                    :         **Civil Action No.**
STEVEN JOHNSON,                    :
STEVEN M.DILIO,                    :
ANTONIO CAMPOS,                    :
TIMOTHY MAINES,                    :
R.DOLCE,                           :
T.CORTES,                          :
                    :
      Defendant                  :

## INSTRUCTIONS READ CAREFULLY

1. This complaint must be legally handwritten or typewritten
   signed by the plaintiff and subscribed to under penalty of
   perjury as being true and correct. All questions must be
   answered concisely in the proper space on the form. Where
   more space is needed to answer any question , attach a
   separate sheet.

2. In accordance with Rule 8 of the Federal Rules of Civil
   Procedure , the complaint should contain (1) a short and
   plain statement of the grounds upon which the court's
   jurisdiction depends , (2) a short plain statement of the
   claim that you are entitled to relief and (3) a demand for
   judgment for the relief which you seek.

3. You must provide the full name of <u>each</u> defendant or defendants
   and where they can be found.

4. You must send the original and one copy of the complaint
   to the Clerk of the District Court. You must also send one
   additional copy of the complaint <u>for each defendant</u>. Do not
   send the complaint directly to the defendants.

5. Upon receipt of a fee of $150.00 , your complaint will be filed. You will be responsible for service of a separate summons and copy of the complaint on each defendant. See Rule 4, Federal Rule of Civil Procedure.

Marshal , who is responsible for service. The marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you , you must complete them in full and return the form to the marshal.

## QUESTION TO BE ANSWERED

1. Jurisdiction is asserted pursuant to (CHECK ONE)

   _x_       42 U.S.C § 1983 (applies to state prisoners)

2. Previously Dismissed Federal Civil Actions or Appeal

   N/A

3. Place of Present Confinement? New Jersey State Prison

4. Parties

   a. Name of Plaintiff: Al-Qaadir Green
      Address: New Jersey State Prison - P.O. BOX 861
                Trenton,N.J. 08625
      Inmate # SBI 000247719C / 140213

   b. First defendant-name: Steven M. Dilio
      Official position: Administrator(former)
      Place of employment: New jersey State Prison
              How is this person involved in the case?
      This defendants failure to comply with N.J.A.C.10A:5-5.3
      and/or instruct his administrative assistance's to do so

clearly violated the Plaintiffs Due Process rights as required
by N.J.A.C. 10A:5-5.3(c)1.2.3.(d)1.2.or3.(e) and allow the
plaintive to appeal the final decision of the Administration
violating the plaintiffs Federal Constitution Right of Due
Process and right to access to the courts to appeal the final
decision to the New Jersey Appellated division for three
(3) years subjecting the plaintiff to atypical and significant
hardship.

c. Second defendant-name:Steven Johnson

   Official position: Administrator

   Place of employment: New Jersey State Prison

            How is this person involved in the case?

   This defendants failure to comply with N.J.A.C.10A:5-5.3
   and/or instruct his administrative assistance's to do so
   clearly violated the Plaintiffs Due Process rights as required
   by N.J.A.C. 10A:5-5.3(c)1.2.3.(d)1.2.or3(e) On Final Admi-
   inisrative appeal of plaintiffs placement on Involuntary
   Protective Custody and denial of the plaintiffs federal
   constitutional right to access to the courts to appeal the
   final decision of the Administration to the New Jersey Appell-
   ate Division for Four ½ years subjecting the plaintiff
   atypical and significant hardship.

d. Third Defendant-name:Antonio Campos

   Official Position:Associate Administrator

   Place of employment:New Jersey State Prison

            How Is This Person Involved In This Case

   This defendant repeated failures to adhere to the guide-
   lines setforth by the New Jersey Legislator in N.J.A.C.
   10A:5-5.1(c);10a:5-5.3(c)1.2.3.(d)1.2.3(e),has Denied and
   violated the plaintiffs federal Constitutional right to Due
   Process and access to the court, causing the plaintiff to
   be arbitrarily housed on Involuntary Protective Custody
   status for 4½ years, subjecting the plaintiff to atypical
   and significant hardship.

e. Fourth Defendant-name:Timothy Maines

Official Position:Asst.Administrator
Place of employment:New Jersey State Prison
　　　　　How Is This Person Involved In this Case
This defendant repeated failures to adhere to the guide-
lines setforth by the New Jersey Legislator in N.J.A.C.
10A:5-5.1(c);10a:5-5.3(c)1.2.3.(d)1.2.3(e),has Denied and
violated the plaintiffs federal Constitutional right to Due
Process and access to the court, causing the plaintiff to
be arbitrarily housed on Involuntary Protective Custody
status for 4½ years, subjecting the plaintiff to atypical
and significant hardship.


f.Fifth Defendant-name: R.Dolce
Official Position:Senior Investigator Of The
　　　　　　　　　Special Investigator Division
Place of employment:New Jersey State Prison
　　　　　How is this person involved in this case?
This defendant repeated failures to adhere to the guide-
lines setforth by the New Jersey Legislator in N.J.A.C.
10A:5-5.1(c);10a:5-5.3(c)1.2.3.(d)1.2.3(e),has Denied and
violated the plaintiffs federal Constitutional right to Due
Process and access to the court, causing the plaintiff to
be arbitrarily housed on Involuntary Protective Custody
status for 4½ years, subjecting the plaintiff to atypical
and significant hardship.


g.Sixth Defendant-name:T.Cortes
Official Position: Involuntary Protective Custody
　　　　　　　　　Hearing Officer
Place of employment:New Jersey State Prison
　　　　　How is this person involved in this case?
This defendants failure to adhere to N.J.A.C.10A5-5.2,has
denied and violated the plaintiffs Federal Constitutional
Right Of Due Process and has caused the plaintiff to be
arbitrarily confined to his cell for 23 hrs and 50 minutes
a day with no physical human contact or ability to exercise

for 4½ years due to this defendants rudder stamp placement
of plaintiff on Involuntary Protective Custody Status
subjecting the plaintiff to atypical and significant hardship.

5. I previously have sought informal or formal relief from the
appropriate administrative officials regarding the acts
complained of in the statement of claims.

Yes_x_or___No

The plaintiff has completed all four stages of the Inmate
Inquiry and Administrative Remedy/Grievance system at New
Jersey State Prison on three (3) separate occasion (2014&2015)
On both occasions the defendants responded that they will
address the plaintiff's appeal at his next review.

### STATEMENT OF CLAIMS

1. On November 14, 2005 I was convicted (by jury trial) of the
following offense(s) in Indictment No. 01-10-4345: Ct. #1
Conspiracy to commit Robbery 2nd°; Ct.#2 Armed Robbery of Juana
Osuna 1st°; Ct.#3 Armed Robbery of Christian Made 1st°; Ct.#4
Armed Robbery of Sofia Rodriguez 1st°; Ct.#5  Armed Robbery
of Marisol Rosario 1st°; Ct.#6 Attempt Mur. of Sofia Rodriguez
1st°; Ct.#7 SBI of Sofia Rodriguez 2nd°; Ct.#8 Felony Mur. of
Juana Ozuna 1st°; Ct.#10 Know. Purp. Murder of Juana Ozuna on
own conduct 1st°; Ct.#11 Felony Murder of Christian Made 1st°;
Ct.#13 Know. Purp. Murder of Christian Made 1st°; Ct.#14 Unlaw.
Poss. of Weap. (Firearm) 3rd°; Ct.#15 Know., Unlaw. Poss. of
Weap. (handgun) against person/property 2nd°.

2. The Plaintiff was sentenced by HONORABLE JUDGE BETTY J.LESTER
on January 20, 2006 to two consecutive life terms and transferred
to New Jersey State Prison.

3. On June 29, 2009, The plaintiff was involved in a fight with

another inmate which resulted in the plaintiff being charged
with institutional an institutional infraction #*004.(Fighting
with another person) and was sanction to 30 days of detention
consecutive to 180 days of administrative segregation.

4.On July 22, 2011, The plaintiff was involved in a fight with
two inmates in the west compound mess hall which resulted in
the plaintiff receiving several institutional infractions
#*803/*003,*202,256,*004,*306. On July 25,2011, all institutional
infractions was dismiss by the disciplinary hearing officer
because the plaintiff was not given notice of the infraction
in within 48 hours.

5.On July 27,2011, The plaintiff was moved to unit 3-B-R Cell#
03,(Which is a close custody unit that house Protective Custody
Involuntary Protective Custody, Maximum Control Unit Inmates,
Administrative Segregation Inmates, Title 30 Inmates, and General
Population inmates.) and was housed and paid as P.C./M.C.U.,
without being given notice that inmate was being considered
for I.P.C or M.C.U in accordance with N.J.A.C. 10A:.

6.On August 26, 2011, The plaintiff was recharged with the same
institutional infraction ( that was dismissed by the Disciplinary
Hearing Officer for violation of Due process), # *004,*202,*256,
*306,*803/*003,*011. The charges was re-issued by Special
Investigator Nadia Zook based on a claim of newly discovered
evidence that was not available at the time the original charges
which consisted of the video of the fight and a phone call made
by the plaintiff after being order by the social to call my
cousin because she was calling to findout if i was okay after
hearing that i was involved in a fight.

7.On September 29, 2011, The plaintiff was found guilt of all
but one of the institutional infractions received on august
26, 2011, except *004 because it was repetitive to *803/*003
infraction.

8.On September 30, 2011, The plaintiff filed an administrative
appeal of the institutional infractions that plaintiff was
found guilty.

9.On October 13, 2011, Assistant Administrator William Anderson
upheld the decision of the Hearing Officer.

10.On November 22, 2011, The plaintiff filed a Notice of Appeal
from The Final Order of The Administrative Decision to The
APPELLATE DIVISION Of NEW JERSEY.

11.On June 26, 2012, The APPELLATE JUDGE granted the States
Motion to remand the Plaintiff's back to New Jersey Department
Of Corrections for further review.

12.On July 25, @012, The Hearing Office , ( at the orders of
N.J.D.O.C. legal counsel) absent a new hearing or prior notice
all institutional charges against the plaintiff was dismissed
and his 2 ½ year Administrative segregation sanction was
dismissed.

13.On November 16,2012, The Plaintiff returned from yard to
find form 146-II(N.J.A.C. 10A:5) notifying the plaintiff that
he was,"Now housed in emergent Protective Custody" and "That
he is under consideration for placement in Protective Custody",
this form was singed by Sergeant S.Spires. The plaintiff was
never informed of the reason why he was up for Involuntary
Protective Custody or provided with counsel substitute as
required by N.J.A.C. 10A:5-5.2(a)(b)(c)(d)(e)(f)(g).

14.On November 16,2012, the plaintiff was given his first
Protective custody Hearing by Hearing Officer DiBenedetti.

15.On November 29,2012, the hearing officer made the decision
to place the plaintiff on Involuntary Protective Custody based

he responded "That he received my appeal , that he will not
be responding to the appeal but, will address my appeal at my
next quarterly review.

21.On January 15,2013, After speaking with Administrator Mr.
Jimmy Barnes at the plaintiffs cell door, the plaintiff submitted
another inmate remedy form ( case # 13-01-119),reporting the
exchange between the plaintiff and Mr.Barnes regarding the
plaintiffs IV.P.C. appeal and there non-compliance with N.J.A.C.
10A:5-5.3(d).

22.On February 15,2013, The defendant responded to the plaintiffs
inmate remedy form dated January 15,2013 (case # 13-01-119),
and stated that "Pursuant to N.J.A.C. 10A:5-5.4 Your above
request will be addressed during your scheduled IV.P.C. review
in April 2013".

23.On February 27,2013, The Assistant Superintendent or
appropriate Administrative Designee signed the response issued
on February 15,2013, in part 3 of the inmate remedy form
endorsing the response.

24.On March 7, 2013, The plaintiff appealed the response issued
in part 3 of the inmate remedy form. The plaintiff quoted what
N.J.A.C. 10A:5-5.3(d)(e) states regarding the duty of the
administration when it come to the Appeal of IV.P.C..

25.On March 26,2013, The defendant responded to the appeal of
the plaintiffs inmate remedy form. The defendant reiterated
that the " plaintiff has a quarterly review in April and should
the plaintiff have an appeal that was submitted to provide the
administration with a copy at the review.

26.On January 16,2014, The plaintiff submitted an inmate remedy
form ( after finding out that the Prison was under a new
Administration headed by Mr.Stephen M.Dilio ) , detailing that

he was being denied Due Process of law starting from the
plaintiffs placement on IV.P.C..(case # 14-02-0441)

27.On February 27,2014, Mr.Robinson responded to the plaintiffs
remedy ( case # 14-02-0441) stating that he will schedule a
court line hearing as soon an updated S.I.D/P.C. report is
submitted.

28.On March 5,2014, The plaintiff appealed Mr. Robinson's
response in part 3 of the inmate remedy form (case # 14-02-0441)
stating that a new hearing does not correct the fact that his
appeal of the first IV.P.C. was never addressed.

29.On March 2014, Administrator Antonio Campos responded to
the plaintiffs inmate remedy appeal, and stated that the appeal
will be addressed a the "HEARING".

30.On July 29,2014, The plaintiff was given notice by sergeant
C.Spires,that he was up for protective custody review on July
31,2014.

31.On July 31,2014, The plaintiff was given a protective custody
hearing by hearing officer Falver. The hearing officer denied
the plaintiff counsel substitute to adequately collect evidence
and present the facts. The hearing officer told the plaintiff
to write to S.I.D and ask them to conduct the plaintiffs
investigation. Absent counsel substitute the hearing officer
base its reason for the plaintiffs continued placement on
Involuntary Protective Custody on a claim made by S.I.D that
the plaintiff will retaliate and seek reprisal of unnamed
inmates.

32.On August 6,2014, The plaintiff submitted an appeal of the
hearing officers decision to continue the plaintiffs placement
on IV.P.C. that was received and stamped received by
GM.Dipasquale at 9:05 am. This appeal was submitted in accordance

with N.J.A.C. 10A:5-5.(b).

33.On November 24,2014, The plaintiff submitted an Inmate
Grievance form (case no. 14-12-0003), after waiting for a
response to plaintiffs IV.P.C. appeal decision that was submitted
on August 6,2014.

34.On December 5,2014, The plaintiff received the final response
allowed after exhausting the Inmate Grievance system, the
defendant Antonio Campos responded that the plaintiffs appeal
was denied but failed to do so in accordance with N.J.A.C. 10A:
5-5.3(c)1.2.3.(d)1.2.3.(e). Denying the plaintiff his
Constitutional Right to Due Process of Law and Access to the
Court.

35.On July 18,2015, The plaintiff was notified by Sergeant
C.Spires by way of form 146-II that he was to have an annually
review on July 21,2015 to determine if the plaintiffs placement
on IV.P.C. is warranted.

36.On July 29,2015, The plaintiff received an IV.P.C. hearing
that was conducted by Hearing Officer T.Cortes a defendant in
this action. The defendant T.Cortes based her decision to keep
the plaintiff on IV.P.C. off S.I. R.Dolce report dated June
23,2015, which is the exact same report submitted by S.I. Zook
dated October 31,2012  and S.I. K.Koch dated July 17,2014. The
reports are verbatim to each other except for the names of the
author and the date it was issued. The hearing Office also relied
on the report of the incident dated September 13,2011, that
was dismissed on two separate occasions because the usage of
the reports violated the plaintiffs Constitutional Right to
Due Process of Law. With all the information that the Hearing
Officer relied  on to rubber stamp S.I.D placement of the
plaintiff on IV.P.C.
the hearing officer could not have believed or agreed with
the plaintiffs placement on IV.P.C. because she recommended

that the plaintiff be transferred to another prison general
population.

37. On July 31,2015, The plaintiff promulgated several copies
of his appeal contesting the hearing officers continued place-
ment of the plaintiff on IV.P.C..

38. On September 17,2015, The plaintiff received a response from
Melissa Matthews, one of the several people the plaintiff sent
a copy of his IV.P.C. appeal to asking that they forward it
to the appropriate Administrator. Mrs. Matthews, stated that
she spoke with the defendant Timothy Maines, that he is in
receipt of the plaintiff IV.P.C. appeal, that the matter is
under review, and a response is forthcoming.

39. On October 8,2015, The plaintiff received a response on the
Inmate Grievance form (dated 8-1-15) that the plaintiff attached
to his IV.P.C. appeal. The grievance was answered by the
defendant Timothy Maines stating " your appeal will be considered
during your next scheduled P.C. review. The defendant did not
give this grievance a case number for tracking purposes instead
the plaintiff wrote in place of the case number" Not Grievance".

40. On October 8,2015, The plaintiff responded to the defendants
response in part 3 of the inmate grievance form. The plaintiff
Quoted N.J.A.C. 10A:5-5.3 and informed the defendant that by
not complying with 10A: they are denying the plaintiff his
constitutional right of Due Process of Law and Access to the
Courts to appeal the final decision of the Administration.

41. On October 14,2015, The plaintiff received the Inmate
Grievance form unanswered with an Inmate Grievance System
Redirective Form attached with # 18 marked stating " this form
was not a Grievance and therefore can not be appealed. Resubmit.
The defendant responded to the plaintiff's appeal on a grievance
in part 3 of the Inmate Grievance Form. Therefore, the plaintiff

foot x 12 foot in diameter with no form of exercise, access
to running water ( Plaintiff is allowed to bring one (1) 22
oz. cup of water to yard in 20° or 90° degree weather ), or
a bathroom.

49. The plaintiff is not allowed to have any contact with other
inmates at all. this is to include during recreation periods.

50. The plaintiff is not allowed contact visit with family or
friends. The plaintiff contact visit was taken for one (1) year
in 2009 by the hearing officer for a non zero tolerance
infraction. The only way for the plaintiff to have his contact
visit reinstated the plaintiff must partake in an institutional
program such as but not limited to cage your rage , thinking
for a change behavior modification AA or NA.

51. The plaintiff is not allowed to partake in institutional
programs or educational programs as codified in N.J.A.C. 10A:
5-5.15. This denial to allow the plaintiff to partake in the
institutional programs is preventing the plaintiff from receiving
contact visits from his father who is a retired N.J.D.O.C.
Correction Officer that now lives in South Caroline and has
to travel twelve (12) hours for a visit. This administration
also uses the plaintiff lost of contact visit as a tool to deny
the plaintiff congregate status which allows for the inmate
to be house on a unit designated for IV.P.C. and P.C. that
receive contact visits. This denial has caused the plaintiff
to suffer atypical and significant hardship.

52. The plaintiff is not allowed sufficient access to the law
library , reading library, the machines ( typewriters ), or
legal calls. The plaintiff must get a paralegal to make legal
calls for him but, the paralegal has to act like he is the
plaintiff because the court will not provide the plaintiffs
information to a third party.

53.The plaintiff is forced to eat all his meal in his cell and is not given any time to eat his meals so the plaintiff must keep the trash in his cell to the next meal or the next day.

54.The plaintiff is not provided with recreation and exercise as it is codified within N.J.A.C. 10A:5-3.14(a)(b). The defendant continues to use security as its reason for not complying with 10A: but, provides congregate IV.P.C. and P.C. inmates on the south compound of the prison with the proper recreation and exercise.

55.The New Jersey Legislature Pass a Bill called "Isolated Confinement Restriction Act", Which clearly established New procedures for segregation for incarcerated inmates within the border of the State of New Jersey. This bill specifically addresses inmates placed in IV.P.C.: Section 4. Paragraph (4) subsection(b). The inmate may be placed in Involuntary Protective custody only when there is clear and convincing evidence that confinement is necessary to prevent reasonably foreseeable harm and that no less restrictive intervention would be sufficient to prevent such harm.

56.The defendant(s) has no intention of releasing the plaintiff to general population for the duration of his life sentence without Due Process of Law and credible evidence or other means such as keep separates and transfer to East Jersey State Prison. The continued housing of the plaintiff in IV.P.C. will continue to cause the plaintiff atypical and significant hardship.

57.Upon the plaintiff's information and belief less then 5% of all inmates incarcerated within the State of New Jersey will be subjected to the kind of deprivation and isolation suffered by the plaintiff for more then 2 years and out of that 5% far less then 1% will be subjected to the kind of deprivations and isolation suffered by the plaintiff for a period of time exceeding 5 years.

Respectfully Submitted,

Al-Qaadir Green

SBI # 247713C-140213

Date: 11-23-15

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AL'QAADIR GREEN,<br>      Plaintiff | : | |
| | : | |
| | : | COMPLAINT |
|     v. | : | |
| | : | |
| STEVEN JOHNSON, | : | Civil Action No. |
| STEVEN M.DILIO, | : | |
| ANTONIO CAMPOS, | : | |
| TIMOTHY MAINES, | : | |
| R.DOLCE, | : | |
| T.CORTES, | : | |
| | : | |
|     Defendant | : | |

## INSTRUCTIONS READ CAREFULLY

1. This complaint must be legally handwritten or typewritten signed by the plaintiff and subscribed to under penalty of perjury as being true and correct. All questions must be answered concisely in the proper space on the form. Where more space is needed to answer any question , attach a separate sheet.

2. In accordance with Rule 8 of the Federal Rules of Civil Procedure , the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends , (2) a short plain statement of the claim that you are entitled to relief and (3) a demand for judgment for the relief which you seek.

3. You must provide the full name of each defendant or defendants and where they can be found.

4. You must send the original and one copy of the complaint to the Clerk of the District Court. You must also send one additional copy of the complaint for each defendant. Do not send the complaint directly to the defendants.

5. Upon receipt of a fee of $150.00 , your complaint will be filed. You will be responsible for service of a separate summons and copy of the complaint on each defendant. See Rule 4, Federal Rule of Civil Procedure.

Marshal , who is responsible for service. The marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you , you must complete them in_full and return the form to the marshal.

### QUESTION TO BE ANSWERED

1. Jurisdiction is asserted pursuant to (CHECK ONE)

   _x_        42 U.S.C § 1983 (applies to state prisoners)

2. Previously Dismissed Federal Civil Actions or Appeal

   N/A

3. Place of Present Confinement? New Jersey State Prison

4. Parties

   a. Name of Plaintiff: Al-Qaadir Green
      Address: New Jersey State Prison - P.O. BOX 861
               Trenton,N.J. 08625
      Inmate # SBI 000247719C / 140213

   b. First defendant-name: Steven M. Dilio
      Official position: Administrator(former)
      Place of employment: New Jersey State Prison
             How is this person involved in the case?
      This defendants failure to comply with N.J.A.C.10A:5-5.3
      and/or instruct his administrative assistance's to do so

clearly violated the Plaintiffs Due Process rights as required
by N.J.A.C. 10A:5-5.3(c)1.2.3.(d)1.2.or3.(e) and allow the
plaintive to appeal the final decision of the Administration
violating the plaintiffs Federal Constitution Right of Due
Process and right to access to the courts to appeal the final
decision to the New Jersey Appellated division for three
(3) years subjecting the plaintiff to atypical and significant
hardship.

c. Second defendant-name: Steven Johnson

Official position: Administrator

Place of employment: New Jersey State Prison

How is this person involved in the case?

This defendants failure to comply with N.J.A.C.10A:5-5.3
and/or instruct his administrative assistance's to do so
clearly violated the Plaintiffs Due Process rights as required
by N.J.A.C. 10A:5-5.3(c)1.2.3.(d)1.2.or3(e) On Final Admi-
inisrative appeal of plaintiffs placement on Involuntary
Protective Custody and denial of the plaintiffs federal
constitutional right to access to the courts to appeal the
final decision of the Administration to the New Jersey Appell-
ate Division for Four ½ years subjecting the plaintiff
atypical and significant hardship.

d. Third Defendant-name: Antonio Campos

Official Position: Associate Administrator

Place of employment: New Jersey State Prison

How Is This Person Involved In this Case

This defendant repeated failures to adhere to the guide-
lines setforth by the New Jersey Legislator in N.J.A.C.
10A:5-5.1(c);10a:5-5.3(c)1.2.3.(d)1.2.3(e),has Denied and
violated the plaintiffs federal Constitutional right to Due
Process and access to the court, causing the plaintiff to
be arbitrarily housed on Involuntary Protective Custody
status for 4½ years, subjecting the plaintiff to atypical
and significant hardship.


e. Fourth Defendant-name: Timothy Maines

Official Position:Asst.Administrator

Place of employment:New Jersey State Prison

How Is This Person Involved In this Case

This defendant repeated failures to adhere to the guide-
lines setforth by the New Jersey Legislator in N.J.A.C.
10A:5-5.1(c);10a:5-5.3(c)1.2.3.(d)1.2.3(e),has Denied and
violated the plaintiffs federal Constitutional right to Due
Process and access to the court, causing the plaintiff to
be arbitrarily housed on Involuntary Protective Custody
status for 4½ years, subjecting the plaintiff to atypical
and significant hardship.

f.Fifth Defendant-name: R.Dolce

Official Position:Senior Investigator Of The

Special Investigator Division

Place of employment:New Jersey State Prison

How is this person involved in this case?

This defendant repeated failures to adhere to the guide-
lines setforth by the New Jersey Legislator in N.J.A.C.
10A:5-5.1(c);10a:5-5.3(c)1.2.3.(d)1.2.3(e),has Denied and
violated the plaintiffs federal Constitutional right to Due
Process and access to the court, causing the plaintiff to
be arbitrarily housed on Involuntary Protective Custody
status for 4½ years, subjecting the plaintiff to atypical
and significant hardship.

g.Sixth Defendant-name:T.Cortes

Official Position: Involuntary Protective Custody

Hearing Officer

Place of employment:New Jersey State Prison

How is this person involved in this case?

This defendants failure to adhere to N.J.A.C.10A5-5.2,has
denied and violated the plaintiffs Federal Constitutional
Right Of Due Process and has caused the plaintiff to be
arbitrarily confined to his cell for 23 hrs and 50 minutes
a day with no physical human contact or ability to exercise

for 4½ years due to this defendants rudder stamp placement
of plaintiff on Involuntary Protective Custody Status
subjecting the plaintiff to atypical and significant hardship.

5. I previously have sought informal or formal relief from the
appropriate administrative officials regarding the acts
complained of in the statement of claims.

Yes_x_or___No

The plaintiff has completed all four stages of the Inmate
Inquiry and Administrative Remedy/Grievance system at New
Jersey State Prison on two (2) separate occasion (2014&2015)
On both occasions the defendants responded that they will
address the plaintiff's appeal at his next review.

### STATEMENT OF CLAIMS

1. On November 14, 2005 I was convicted (by jury trial) of the
following offense(s) in Indictment No. 01-10-4345: Ct. #1
Conspiracy to commit Robbery 2nd°; Ct.#2 Armed Robbery of Juana
Osuna 1st°; Ct.#3 Armed Robbery of Christian Made 1st°; Ct.#4
Armed Robbery of Sofia Rodriguez 1st°; Ct.#5  Armed Robbery
of Marisol Rosario 1st°; Ct.#6 Attempt Mur. of Sofia Rodriguez
1st°; Ct.#7 SBI of Sofia Rodriguez 2nd°; Ct.#8 Felony Mur. of
Juana Ozuna 1st°; Ct.#10 Know. Purp. Murder of Juana Ozuna on
own conduct 1st°; Ct.#11 Felony Murder of Christian Made 1st°;
Ct.#13 Know. Purp. Murder of Christian Made 1st°; Ct.#14 Unlaw.
Poss. of Weap. (Firearm) 3rd°; Ct.#15 Know., Unlaw. Poss. of
Weap. (handgun) against person/property 2nd°.

2. The Plaintiff was sentenced by HONORABLE JUDGE BETTY J. LESTER
on January 20, 2006 to two consecutive life terms and transferred
to New Jersey State Prison.

3. On June 29, 2009, The plaintiff was involved in a fight with

another inmate which resulted in the plaintiff being charged
with institutional an institutional infraction #*004.(Fighting
with another person) and was sanction to 30 days of detention
consecutive to 180 days of administrative segregation.

4.On July 22, 2011, The plaintiff was involved in a fight with
two inmates in the west compound mess hall which resulted in
the plaintiff receiving several institutional infractions
#*803/*003,*202,256,*004,*306. On July 25,2011, all institutional
infractions was dismiss by the disciplinary hearing officer
because the plaintiff was not given notice of the infraction
in within 48 hours.

5.On July 27,2011, The plaintiff was moved to unit 3-B-R Cell#
03,(Which is a close custody unit that house Protective Custody
Involuntary Protective Custody, Maximum Control Unit Inmates,
Administrative Segregation Inmates, Title 30 Inmates, and General
Population inmates.) and was housed and paid as P.C./M.C.U.,
without being given notice that inmate was being considered
for I.P.C or M.C.U in accordance with N.J.A.C. 10A:.

6.On August 26, 2011, The plaintiff was recharged with the same
institutional infraction ( that was dismissed by the Disciplinary
Hearing Officer for violation of Due process), # *004,*202,*256,
*306,*803/*003,*011. The charges was re-issued by Special
Investigator Nadia Zook based on a claim of newly discovered
evidence that was not available at tha time the original charges
which consisted of the video of the fight and a phone call made
by the plaintiff after being order by the social to call my
cousin because she was calling to findout if i was okay after
hearing that i was involved in a fight.

7.On September 29, 2011, The plaintiff was found guilt of all
but one of the institutional infractions received on august
26, 2011, except *004 because it was repetitive to *803/*003
infraction.

on allegations and theories mad by Special Investigator Nadia
Zook. PLEAS NOTE: Special investigator Nadia Zook Is The same
Investigator that re-issue the institutional infraction to the
plaintiff that was dismissed on two occasions for violation
of the plaintiffs DUE PROCESS RIGHTS:

16. On December 3,2012, the plaintiff received the decision of
the hearing officer by sergeant C.Spires.

17. On December 3,2012, The plaintiff submitted an appeal of
his placement on Involuntary Protective Custody ( via tha
institutional mail and the inmate remedy system for documentation
reasons),in accordance with N.J.A.C. 10A:5-5.3(b).

18. On December 21,2012, the plaintiff submitted inmate remedy
form inquiring as to why the administration did not respond
to the plaintiffs letter of Appeal for his IV.P.C. that was
submitted in accordance with N.J.A.C. 10A5-5.(b), that was not
responded to by the administration in accordance with N.J.A.C.
10A:5-5.3(d)(e).The defendant returned tho plaintiffs remedy
unanswered with a corrective action form attached with # 18
marked telling the plaintiff to resubmit the appeal; Which the
plaintiff did comply.

19. On January 8, 2013, the plaintiff submitted another inmate
remedy form as to why he had not received a response to the
letter of appeal he submitted challenging his placement on
IV.P.C.. Again, the defendants returned the plaintiff with a
corrective action form attached with # 18 checked.

20. On January 15,2013, Administrator Jimmy Barnse responded
to the plaintiffs housing unit 3-B-L, to conduct quarterly
protective custody reviews and annual prison classification
committee reviews (Plaintiff did not receive neither review)
the plaintiff was able to get Mr.Barnes attention. The plaintiff
asked Mr.Barnes why no one has responded to his IV.P.C. appeal

he responded "That he received my appeal , that he will not
be responding to the appeal but, will address my appeal at my
next quarterly review.

21.On January 15,2013, After speaking with Administrator Mr.
Jimmy Barnes at the plaintiffs cell door, the plaintiff submitted
another inmate remedy form ( case # 13-01-119),reporting the
exchange between the plaintiff and Mr.Barnes regarding the
plaintiffs IV.P.C. appeal and there non-compliance with N.J.A.C.
10A:5-5.3(d).

22.On February 15,2013, The defendant responded to the plaintiffs
inmate remedy form dated January 15,2013 (case # 13-01-119),
and stated that "Pursuant to N.J.A.C. 10A:5-5.4 Your above
request will be addressed during your scheduled IV.P.C. review
in April 2013".

23.On February 27,2013, The Assistant Superintendent or
appropriate Administrative Designee signed the response issued
on February 15,2013, in part 3 of the inmate remedy form
endorsing the response.

24.On March 7, 2013, The plaintiff appealed the response issued
in part 3 of the inmate remedy form. The plaintiff quoted what
N.J.A.C. 10A:5-5.3(d)(e) states regarding the duty of the
administration when it come to the Appeal of IV.P.C..

25.On March 26,2013, The defendant responded to the appeal of
the plaintiffs inmate remedy form. The defendant reiterated
that the " plaintiff has a quarterly review in April and should
the plaintiff have an appeal that was submitted to provide the
administration with a copy at the review.

26.On January 16,2014, The plaintiff submitted an inmate remedy
form ( after finding out that the Prison was under a new
Administration headed by Mr.Stephen M.Dilio ) , detailing that

he was being denied Due Process of law starting from the
plaintiffs placement on IV.P.C..(case # 14-02-0441)

27.On February 27,2014, Mr.Robinson responded to the plaintiffs
remedy ( case # 14-02-0441) stating that he will schedule a
court line hearing as soon an updated S.I.D/P.C. report is
submitted.

28.On March 5,2014, The plaintiff appealed Mr. Robinson's
response in part 3 of the inmate remedy form (case # 14-02-0441)
stating that a new hearing does not correct the fact that his
appeal of the first IV.P.C. was never addressed.

29.On March 2014, Administrator Antonio Campos responded to
the plaintiffs inmate remedy appeal, and stated that the appeal
will be addressed a the "HEARING".

30.On July 29,2014, The plaintiff was given notice by sergeant
C.Spires,that he was up for protective custody review on July
31,2014.

31.On July 31,2014, The plaintiff was given a protective custody
hearing by hearing officer Falver. The hearing officer denied
the plaintiff counsel substitute to adequately collect evidence
and present the facts. The hearing officer told the plaintiff
to write to S.I.D and ask them to conduct the plaintiffs
investigation. Absent counsel substitute the hearing officer
base its reason for the plaintiffs continued placement on
Involuntary Protective Custody on a claim made by S.I.D that
the plaintiff will retaliate and seek reprisal of unnamed
inmates.

32.On August 6,2014, The plaintiff submitted an appeal of the
hearing officers decision to continue the plaintiffs placement
on IV.P.C. that was received and stamped received by
GM.Dipasquale at 9:05 am. This appeal was submitted in accordance

with N.J.A.C. 10A:5-5.(b).

33.On November 24,2014, The plaintiff submitted an Inmate
Grievance form (case no. 14-12-0003), after waiting for a
response to plaintiffs IV.P.C. appeal decision that was submitted
on August 6,2014.

34.On December 5,2014, The plaintiff received the final response
allowed after exhausting the Inmate Grievance system, the
defendant Antonio Campos responded that the plaintiffs appeal
was denied but failed to do so in accordance with N.J.A.C. 10A:
5-5.3(c)1.2.3.(d)1.2.3.(e). Denying the plaintiff his
Constitutional Right to Due Process of Law and Access to the
Court.

35.On July 18,2015, The plaintiff was notified by Sergeant
C.Spires by way of form 146-II that he was to have an annually
review on July 21,2015 to determine if the plaintiffs placement
on IV.P.C. is warranted.

36.On July 29,2015, The plaintiff received an IV.P.C. hearing
that was conducted by Hearing Officer T.Cortes a defendant in
this action. The defendant T.Cortes based her decision to keep
the plaintiff on IV.P.C. off S.I. R.Dolce report dated June
23,2015, which is the exact same report submitted by S.I. Zook
dated October 31,2012  and S.I. K.Koch dated July 17,2014. The
reports are verbatim to each other except for the names of the
author and the date it was issued. The hearing Office also relied
on the report of the incident dated September 13,2011, that
was dismissed on two separate occasions because the usage of
the reports violated the plaintiffs Constitutional Right to
Due Process of Law. With all the information that the Hearing
Officer relied  on to rubber stamp S.I.D placement of the
plaintiff on IV.P.C.
the hearing officer could not have believed or agreed with
the plaintiffs placement on IV.P.C. because she recommended

that the plaintiff be transferred to another prison general
population.

37. On July 31, 2015, The plaintiff promulgated several copies
of his appeal contesting the hearing officers continued place-
ment of the plaintiff on IV.P.C..

38. On September 17, 2015, The plaintiff received a response from
Melissa Matthews, one of the several people the plaintiff sent
a copy of his IV.P.C. appeal to asking that they forward it
to the appropriate Administrator. Mrs. Matthews, stated that
she spoke with the defendant Timothy Maines, that he is in
receipt of the plaintiff IV.P.C. appeal, that the matter is
under review, and a response is forthcoming.

39. On October 8, 2015, The plaintiff received a response on the
Inmate Grievance form (dated 8-1-15) that the plaintiff attached
to his IV.P.C. appeal. The grievance was answered by the
defendant Timothy Maines stating " your appeal will be considered
during your next scheduled P.C. review. The defendant did not
give this grievance a case number for tracking purposes instead
the plaintiff wrote in place of the case number" Not Grievance".

40. On October 8, 2015, The plaintiff responded to the defendants
response in part 3 of the inmate grievance form. The plaintiff
Quoted N.J.A.C. 10A:5-5.3 and informed the defendant that by
not complying with 10A: they are denying the plaintiff his
constitutional right of Due Process of Law and Access to the
Courts to appeal the final decision of the Administration.

41. On October 14, 2015, The plaintiff received the Inmate
Grievance form unanswered with an Inmate Grievance System
Redirective Form attached with # 18 marked stating " this form
was not a Grievance and therefore can not be appealed. Resubmit.
The defendant responded to the plaintiff's appeal on a grievance
in part 3 of the Inmate Grievance Form. Therefore, the plaintiff

has to appeal an action that does not comply with N.J.A.C. 10A:5-5.3 and violates the plaintiffs Constitutional Rights.

42. The plaintiff has now been housed o IV.P.C. status for a period in excess of four (4) years based solely on an Investigation that did not include an interview of the plaintiff or other inmates that S.I.D allege the plaintiff seeks to retaliate against.

43. No Hearing Officer has ever conducted an independent investigation or based their reason for the plaintiff's continued placement on IV.P.C. other then S.I.D. . Although , N.J.A.C. 10A:55.2 allows the hearing officer to do so.

44. No Administrator or commissioner has ever insured that the regulations codified in N.J.A.C. 10A:5-5.1-24 is being adhered to by their subordinates.

45. The reason for the plaintiff's placement has changed from a threat on the plaintiff's life to the plaintiff is seeking retaliation and reprisal with no evidence to support these opened allegations by S.I.D..

46. As a result of the defendants to utilize other forms of action to prevent this alleged claim of retaliation and reprisal by the plaintiff that is available within N.J.A.C 10A: such as separation from the alleged inmates and/or transfer to other Correctional facilities, the plaintiff has suffered atypical and significant hardships.

47. The plaintiff has been confined to a single inmate cell for four (4) years for all but Ten (10) minutes per day to take a shower and One (1) hour and Forty-five (45) minutes two days a week.

48. This outdoor recreation is inside a cage approximately 8

foot x 12 foot in diameter with no form of exercise, access
to running water ( Plaintiff is allowed to bring one (1) 22
oz. cup of water to yard in 20° or 90° degree weather ), or
a bathroom.

49. The plaintiff is not allowed to have any contact with other
inmates at all. this is to include during recreation periods.

50. The plaintiff is not allowed contact visit with family or
friends. The plaintiff contact visit was taken for one (1) year
in 2009 by the hearing officer for a non zero tolerance
infraction. The only way for the plaintiff to have his contact
visit reinstated the plaintiff must partake in an institutional
program such as but not limited to cage your rage , thinking
for a change behavior modification AA or NA.

51. The plaintiff is not allowed to partake in institutional
programs or educational programs as codified in N.J.A.C. 10A:
5-5.15. This denial to allow the plaintiff to partake in the
institutional programs is preventing the plaintiff from receiving
contact visits from his father who is a retired N.J.D.O.C.
Correction Officer that now lives in South Caroline and has
to travel twelve (12) hours for a visit. This administration
also uses the plaintiff lost of contact visit as a tool to deny
the plaintiff congregate status which allows for the inmate
to be house on a unit designated for IV.P.C. and P.C. that
receive contact visits. This denial has caused the plaintiff
to suffer atypical and significant hardship.

52. The plaintiff is not allowed sufficient access to the law
library , reading library, the machines ( typewriters ), or
legal calls. The plaintiff must get a paralegal to make legal
calls for him but, the paralegal has to act like he is the
plaintiff because the court will not provide the plaintiffs
information to a third party.

53.The plaintiff is forced to eat all his meal in his cell and
is not given any time to eat his meals so the plaintiff must
keep the trash in his cell to the next meal or the next day.

54.The plaintiff is not provided with recreation and exercise
as it is codified within N.J.A.C. 10A:5-5.14(a)(b). The defendant
continues to use security as its reason for not complying with
10A: but, provides congregate IV.P.C. and P.C. inmates on the
south compound of the prison with the proper recreation and
exercise.

55.The New Jersey Legislature Pass a Bill called "Isolated
Confinement Restriction Act", Which clearly established New
procedures for segregation for incarcerated inmates within the
border of the State of New Jersey. This bill specifically
addresses inmates placed in IV.P.C.: Section 4. Paragraph (4)
subsection(b). The inmate may be placed in Involuntary Protective
custody only when there is clear and convincing evidence that
confinement is necessary to prevent reasonably foreseeable harm
and that no less restrictive intervention would be sufficient
to prevent such harm.

56.The defendant(s) has no intention of releasing the plaintiff
to general population for the duration of his life sentence
without Due Process of Law and credible evidence or other means
such as keep separates and transfer to East Jersey State Prison.
The continued housing of the plaintiff in IV.P.C. will continue
to cause the plaintiff atypical and significant hardship.

57.Upon the plaintiff's information and belief less then 5%
of all inmates incarcerated within the State of New Jersey will
be subjected to the kind of deprivation and isolation suffered
by the plaintiff for more then 2 years and out of that 5% far
less then 1% will be subjected to the kind of deprivations and
isolation suffered by the plaintiff for a period of time
exceeding 5 years.

Respectfully Submitted,

Al-Qaadir Green
SBI # 247719C-140213

Date: 11·23·15

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AL'QAADIR GREEN,<br>　　　Plaintiff | : | |
| | : | **COMPLAINT** |
| 　　　v. | : | |
| | : | **Civil Action No.** |
| STEVEN JOHNSON,<br>STEVEN M.DILIO,<br>ANTONIO CAMPOS,<br>TIMOTHY MAINES,<br>R.DOLCE,<br>T.CORTES, | : | |
| 　　　Defendant | : | |

### INSTRUCTIONS READ CAREFULLY

1. This complaint must be legally handwritten or typewritten signed by the plaintiff and subscribed to under penalty of perjury as being true and correct. All questions must be answered concisely in the proper space on the form. Where more space is needed to answer any question , attach a separate sheet.

2. In accordance with Rule 8 of the Federal Rules of Civil Procedure , the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends , (2) a short plain statement of the claim that you are entitled to relief and (3) a demand for judgment for the relief which you seek.

3. You must provide the full name of each defendant or defendants and where they can be found.

4. You must send the original and one copy of the complaint to the Clerk of the District Court. You must also send one additional copy of the complaint for each defendant. Do not send the complaint directly to the defendants.

5. Upon receipt of a fee of $150.00 , your complaint will be
   filed. You will be responsible for service of a separate
   summons and copy of the complaint on each defendant. See
   Rule 4, Federal Rule of Civil Procedure.

   Marshal , who is responsible for service. The marshal has
   USM-285 forms you must complete so that the Marshal can
   locate and serve each defendant. If the forms are sent to
   you , you must complete them <u>in full</u> and return the form
   to the marshal.

<u>QUESTION TO BE ANSWERED</u>

1. Jurisdiction is asserted pursuant to (CHECK ONE)

   _x_        42 U.S.C § 1983 (applies to state prisoners)

2. Previously Dismissed Federal Civil Actions or Appeal

   <u>N/A</u>

3. Place of Present Confinement? New Jersey State Prison

4. Parties

   a.Name of Plaintiff: Al-Qaadir Green
     Address: New Jersey State Prison - P.O. BOX 861
              Trenton,N.J. 08625
     Inmate # SBI 000247719C / 140213

   b.First defendant-name: Steven M. Dilio
     Official position: Administrator(former)
     Place of employment: New jersey State Prison
            How is this person involved in the case?
     This defendants failure to comply with N.J.A.C.10A:5-5.3
     and/or instruct his administrative assistance's to do so

clearly violated the Plaintiffs Due Process rights as required
by N.J.A.C. 10A:5-5.3(c)1.2.3.(d)1.2.or3.(e) and allow the
plaintive to appeal the final decision of the Administration
violating the plaintiffs Federal Constitution Right of Due
Process and right to access to the courts to appeal the final
decision to the New Jersey Appellated division for three
(3) years subjecting the plaintiff to atypical and significant
hardship.

c. Second defendant-name:Steven Johnson

   Official position: Administrator

   Place of employment: New Jersey State Prison

          How is this person involved in the case?

   This defendants failure to comply with N.J.A.C.10A:5-5.3
   and/or instruct his administrative assistance's to do so
   clearly violated the Plaintiffs Due Process rights as required
   by N.J.A.C. 10A:5-5.3(c)1.2.3.(d)1.2.or3(e) On Final Admi-
   inisrative appeal of plaintiffs placement on Involuntary
   Protective Custody and denial of the plaintiffs federal
   constitutional right to access to the courts to appeal the
   final decision of the Administration to the New Jersey Appell-
   ate Division for Four $\frac{1}{2}$ years subjecting the plaintiff
   atypical and significant hardship.

d. Third Defendant-name:Antonio Campos

   Official Position:Associate Administrator

   Place of employment:New Jersey State Prison

          How Is This Person Involved In this Case

   This defendant repeated failures to adhere to the guide-
   lines setforth by the New Jersey Legislator in N.J.A.C.
   10A:5-5.1(c);10a:5-5.3(c)1.2.3.(d)1.2.3(e),has Denied and
   violated the plaintiffs federal Constitutional right to Due
   Process and access to the court, causing the plaintiff to
   be arbitrarily housed on Involuntary Protective Custody
   status for 4$\frac{1}{2}$ years, subjecting the plaintiff to atypical
   and significant hardship.


e. Fourth Defendant-name:Timothy Maines

Official Position:Asst.Administrator

Place of employment:New Jersey State Prison

How Is This Person Involved In this Case

This defendant repeated failures to adhere to the guide-
lines setforth by the New Jersey Legislator in N.J.A.C.
10A:5-5.1(c);10a:5-5.3(c)1.2.3.(d)1.2.3(e),has Denied and
violated the plaintiffs federal Constitutional right to Due
Process and access to the court, causing the plaintiff to
be arbitrarily housed on Involuntary Protective Custody
status for $4\frac{1}{2}$ years, subjecting the plaintiff to atypical
and significant hardship.

f.Fifth Defendant-name: R.Dolce

Official Position:Senior Investigator Of The

Special Investigator Division

Place of employment:New Jersey State Prison

How is this person involved in this case?

This defendant repeated failures to adhere to the guide-
lines setforth by the New Jersey Legislator in N.J.A.C.
10A:5-5.1(c);10a:5-5.3(c)1.2.3.(d)1.2.3(e),has Denied and
violated the plaintiffs federal Constitutional right to Due
Process and access to the court, causing the plaintiff to
be arbitrarily housed on Involuntary Protective Custody
status for $4\frac{1}{2}$ years, subjecting the plaintiff to atypical
and significant hardship.

g.Sixth Defendant-name:T.Cortes

Official Position: Involuntary Protective Custody

Hearing Officer

Place of employment:New Jersey State Prison

How is this person involved in this case?

This defendants failure to adhere to N.J.A.C.10A5-5.2,has
denied and violated the plaintiffs Federal Constitutional
Right Of Due Process and has caused the plaintiff to be
arbitrarily confined to his cell for 23 hrs and 50 minutes
a day with no physical human contact or ability to exercise

for 4½ years due to this defendants rudder stamp placement
of plaintiff on Involuntary Protective Custody Status
subjecting the plaintiff to atypical and significant hardship.

5. I previously have sought informal or formal relief from the
appropriate administrative officials regarding the acts
complained of in the statement of claims.

Yes_x_or___No

The plaintiff has completed all four stages of the Inmate
Inquiry and Administrative Remedy/Grievance system at New
Jersey State Prison on two (2) separate occasion (2014&2015)
On both occasions the defendants responded that they will
address the plaintiff's appeal at his next review.

### STATEMENT OF CLAIMS

1.On November 14, 2005 I was convicted (by jury trial) of the
following offense(s) in Indictment No. 01-10-4345: Ct. #1
Conspiracy to commit Robbery 2nd°; Ct.#2 Armed Robbery of Juana
Osuna 1st°; Ct.#3 Armed Robbery of Christian Made 1st°; Ct.#4
Armed Robbery of Sofia Rodriguez 1st°; Ct.#5  Armed Robbery
of Marisol Rosario 1st°; Ct.#6 Attempt Mur. of Sofia Rodriguez
1st°; Ct.#7 SBI of Sofia Rodriguez 2nd°; Ct.#8 Felony Mur. of
Juana Ozuna 1st°; Ct.#10 Know. Purp. Murder of Juana Ozuna on
own conduct 1st°; Ct.#11 Felony Murder of Christian Made 1st°;
Ct.#13 Know. Purp. Murder of Christian Made 1st°; Ct.#14 Unlaw.
Poss. of Weap. (Firearm) 3rd°; Ct.#15 Know., Unlaw. Poss. of
Weap. (handgun) against person/property 2nd°.

2.The Plaintiff was sentenced by HONORABLE JUDGE BETTY J.LESTER
on January 20, 2006 to two consecutive life terms and transferred
to New Jersey State Prison.

3.On June 29, 2009, The plaintiff was involved in a fight with

another inmate which resulted in the plaintiff being charged
with institutional an institutional infraction #*004.(Fighting
with another person) and was sanction to 30 days of detention
consecutive to 180 days of administrative segregation.

4.On July 22, 2011, The plaintiff was involved in a fight with
two inmates in the west compound mess hall which resulted in
the plaintiff receiving several institutional infractions
#*803/*003,*202,256,*004,*306. On July 25,2011, all institutional
infractions was dismiss by the disciplinary hearing officer
because the plaintiff was not given notice of the infraction
in within 48 hours.

5.On July 27,2011, The plaintiff was moved to unit 3-B-R Cell#
03,(Which is a close custody unit that house Protective Custody
Involuntary Protective Custody, Maximum Control Unit Inmates,
Administrative Segregation Inmates, Title 30 Inmates, and General
Population inmates.) and was housed and paid as P.C./M.C.U.,
without being given notice that inmate was being considered
for I.P.C or M.C.U in accordance with N.J.A.C. 10A:.

6.On August 26, 2011, The plaintiff was recharged with the same
institutional infraction ( that was dismissed by the Disciplinary
Hearing Officer for violation of Due process), # *004,*202,*256,
*306,*803/*003,*011. The charges was re-issued by Special
Investigator Nadia Zook based on a claim of newly discovered
evidence that was not available at the time the original charges
which consisted of the video of the fight and a phone call made
by the plaintiff after being order by the social to call my
cousin because she was calling to findout if i was okay after
hearing that i was involved in a fight.

7.On September 29, 2011, The plaintiff was found guilt of all
but one of the institutional infractions received on august
26, 2011, except *004 because it was repetitive to *803/*003
infraction.

8.On September 30, 2011, The plaintiff filed an **administrative
appeal of the** institutional infractions that plaintiff was
**found guilty.**

9.On October 13, 2011, Assistant Administrator William Anderson
**upheld** the decision of the Hearing Officer.

10.On November 22, 2011, The plaintiff filed a Notice of Appeal
**from** The Final Order of The Administrative Decision to The
**APPELLATE DIVISION Of NEW JERSEY.**

11.On June 26, 2012, The **APPELLATE JUDGE** granted the States
**Motion** to remand the Plaintiff's back to New Jersey Department
**Of Corrections for** further review.

12.On July 25, @012, The Hearing Office , ( at the orders of
**N.J.D.O.C. legal counsel)** absent a new hearing or prior notice
**all institutional charges** against the plaintiff was dismissed
**and his 2 ½ year** Administrative segregation sanction was
**dismissed.**

13.On November 16,2012, The Plaintiff returned from yard to
**find form 146-II(N.J.A.C. 10A:5)** notifying the plaintiff that
**he was,"Now housed in emergent Protective Custody" and "That
he is under consideration for placement in Protective Custody",
this form was singed by Sergeant S.Spires. The plaintiff was
never informed** of the reason why he was up for Involuntary
**Protective Custody or** provided with counsel substitute as
**required by N.J.A.C. 10A:5-5.2(a)(b)(c)(d)(e)(f)(g).**

14.On November 16,2012, the plaintiff was given his first
**Protective custody Hearing** by Hearing Officer DiBenedetti.

15.On November 29,2012, the hearing officer made the decision
**to place the plaintiff on** Involuntary Protective Custody based

on allegations and theories mad by Special Investigator Nadia
Zook. PLEAS NOTE: Special investigator Nadia Zook Is The same
Investigator that re-issue the institutional infraction to the
plaintiff that was dismissed on two occasions for violation
of the plaintiffs DUE PROCESS RIGHTS:

16. On December 3,2012, the plaintiff received the decision of
the hearing officer by sergeant C.Spires.

17. On December 3,2012, The plaintiff submitted an appeal of
his placement on Involuntary Protective Custody ( via the
institutional mail and the inmate remedy system for documentation
reasons),in accordance with N.J.A.C. 10A:5-5.3(b).

18. On December 21,2012, the plaintiff submitted inmate remedy
form inquiring as to why the administration did not respond
to the plaintiffs letter of Appeal for his IV.P.C. that was
submitted in accordance with N.J.A.C. 10A5-5.(b), that was not
responded to by the administration in accordance with N.J.A.C.
10A:5-5.3(d)(e).The defendant returned the plaintiffs remedy
unanswered with a corrective action form attached with # 18
marked telling the plaintiff to resubmit the appeal; Which the
plaintiff did comply.

19. On January 8, 2013, the plaintiff submitted another inmate
remedy form as to why he had not received a response to the
letter of appeal he submitted challenging his placement on
IV.P.C.. Again, the defendants returned the plaintiff with a
corrective action form attached with # 18 checked.

20. On January 15,2013, Administrator Jimmy Barnse responded
to the plaintiffs housing unit 3-B-L, to conduct quarterly
protective custody reviews and annual prison classification
committee reviews (Plaintiff did not receive neither review)
the plaintiff was able to get Mr.Barnes attention. The plaintiff
asked Mr.Barnes why no one has responded to his IV.P.C. appeal

he responded "That he received my appeal , that he will not
be responding to the appeal but, will address my appeal at my
next quarterly review.

21.On January 15,2013, After speaking with Administrator Mr.
Jimmy Barnes at the plaintiffs cell door, the plaintiff submitted
another inmate remedy form ( case # 13-01-119),reporting the
exchange between the plaintiff and Mr.Barnes regarding the
plaintiffs IV.P.C. appeal and there non-compliance with N.J.A.C.
10A:5-5.3(d).

22.On February 15,2013, The defendant responded to the plaintiffs
inmate remedy form dated January 15,2013 (case # 13-01-119),
and stated that "Pursuant to N.J.A.C. 10A:5-5.4 Your above
request will be addressed during your scheduled IV.P.C. review
in April 2013".

23.On February 27,2013, The Assistant Superintendent or
appropriate Administrative Designee signed the response issued
on February 15,2013, in part 3 of the inmate remedy form
endorsing the response.

24.On March 7, 2013, The plaintiff appealed the response issued
in part 3 of the inmate remedy form. The plaintiff quoted what
N.J.A.C. 10A:5-5.3(d)(e) states regarding the duty of the
administration when it come to the Appeal of IV.P.C..

25.On March 26,2013, The defendant responded to the appeal of
the plaintiffs inmate remedy form. The defendant reiterated
that the " plaintiff has a quarterly review in April and should
the plaintiff have an appeal that was submitted to provide the
administration with a copy at the review.

26.On January 16,2014, The plaintiff submitted an inmate remedy
form ( after finding out that the Prison was under a new
Administration headed by Mr.Stephen M.Dilio ) , detailing that

he was being denied Due Process of law starting from the plaintiffs placement on IV.P.C..(case # 14-02-0441)

27.On February 27,2014, Mr.Robinson responded to the plaintiffs remedy ( case # 14-02-0441) stating that he will schedule a court line hearing as soon an updated S.I.D/P.C. report is submitted.

28.On March 5,2014, The plaintiff appealed Mr. Robinson's response in part 3 of the inmate remedy form (case # 14-02-0441) stating that a new hearing does not correct the fact that his appeal of the first IV.P.C. was never addressed.

29.On March 2014, Administrator Antonio Campos responded to the plaintiffs inmate remedy appeal, and stated that the appeal will be addressed a the "HEARING".

30.On July 29,2014, The plaintiff was given notice by sergeant C.Spires,that he was up for protective custody review on July 31,2014.

31.On July 31,2014, The plaintiff was given a protective custody hearing by hearing officer Falver. The hearing officer denied the plaintiff counsel substitute to adequately collect evidence and present the facts. The hearing officer told the plaintiff to write to S.I.D and ask them to conduct the plaintiffs investigation. Absent counsel substitute the hearing officer base its reason for the plaintiffs continued placement on Involuntary Protective Custody on a claim made by S.I.D that the plaintiff will retaliate and seek reprisal of unnamed inmates.

32.On August 6,2014, The plaintiff submitted an appeal of the hearing officers decision to continue the plaintiffs placement on IV.P.C. that was received and stamped received by GM.Dipasquale at 9:05 am. This appeal was submitted in accordance

with N.J.A.C. 10A:5-5.(b).

33.On November 24,2014, The plaintiff submitted an Inmate
Grievance form (case no. 14-12-0003), after waiting for a
response to plaintiffs IV.P.C. appeal decision that was submitted
on August 6,2014.

34.On December 5,2014, The plaintiff received the final response
allowed after exhausting the Inmate Grievance system, the
defendant Antonio Campos responded that the plaintiffs appeal
was denied but failed to do so in accordance with N.J.A.C. 10A:
5-5.3(c)1.2.3.(d)1.2.3.(e). Denying the plaintiff his
Constitutional Right to Due Process of Law and Access to the
Court.

35.On July 18,2015, The plaintiff was notified by Sergeant
C.Spires by way of form 146-II that he was to have an annually
review on July 21,2015 to determine if the plaintiffs placement
on IV.P.C. is warranted.

36.On July 29,2015, The plaintiff received an IV.P.C. hearing
that was conducted by Hearing Officer T.Cortes a defendant in
this action. The defendant T.Cortes based her decision to keep
the plaintiff on IV.P.C. off S.I. R.Dolce report dated June
23,2015, which is the exact same report submitted by S.I. Zook
dated October 31,2012  and S.I. K.Koch dated July 17,2014. The
reports are verbatim to each other except for the names of the
author and the date it was issued. The hearing Office also relied
on the report of the incident dated September 13,2011, that
was dismissed on two separate occasions because the usage of
the reports violated the plaintiffs Constitutional Right to
Due Process of Law. With all the information that the Hearing
Officer relied  on to rubber stamp S.I.D placement of the
plaintiff on IV.P.C.
the hearing officer could not have believed or agreed with
the plaintiffs placement on IV.P.C. because she recommended

that the plaintiff be transferred to another prison general
population.

37. On July 31,2015, The plaintiff promulgated several copies
of his appeal contesting the hearing officers continued place-
ment of the plaintiff on IV.P.C..

38. On September 17,2015, The plaintiff received a response from
Melissa Matthews, one of the several people the plaintiff sent
a copy of his IV.P.C. appeal to asking that they forward it
to the appropriate Administrator. Mrs. Matthews, stated that
she spoke with the defendant Timothy Maines, that he is in
receipt of the plaintiff IV.P.C. appeal, that the matter is
under review, and a response is forthcoming.

39. On October 8,2015, The plaintiff received a response on the
Inmate Grievance form (dated 8-1-15) that the plaintiff attached
to his IV.P.C. appeal. The grievance was answered by the
defendant Timothy Maines stating " your appeal will be considered
during your next scheduled P.C. review. The defendant did not
give this grievance a case number for tracking purposes instead
the plaintiff wrote in place of the case number" Not Grievance".

40. On October 8,2015, The plaintiff responded to the defendants
response in part 3 of the inmate grievance form. The plaintiff
Quoted N.J.A.C. 10A:5-5.3 and informed the defendant that by
not complying with 10A: they are denying the plaintiff his
constitutional right of Due Process of Law and Access to the
Courts to appeal the final decision of the Administration.

41. On October 14,2015, The plaintiff received the Inmate
Grievance form unanswered with an Inmate Grievance System
Redirective Form attached with # 18 marked stating " this form
was not a Grievance and therefore can not be appealed. Resubmit.
The defendant responded to the plaintiff's appeal on a grievance
in part 3 of the Inmate Grievance Form. Therefore, the plaintiff

has to appeal an action that does not comply with N.J.A.C. 10A:5-5.3 and violates the plaintiffs Constitutional Rights.

42.The plaintiff has now been housed o IV.P.C. status for a period in excess of four (4) years based solely on an Investigation that did not include an interview of the plaintiff or other inmates that S.I.D allege the plaintiff seeks to retaliate against.

43.No Hearing Officer has ever conducted an independent investigation or based their reason for the plaintiff's continued placement on IV.P.C. other then S.I.D. . Although , N.J.A.C. 10A:55.2 allows the hearing officer to do so.

44.No Administrator or commissioner has ever insured that the regulations codified in N.J.A.C. 10A:5-5.1-24 is being adhered to by their subordinates.

45.The reason for the plaintiff's placement has changed from a threat on the plaintiff's life to the plaintiff is seeking retaliation and reprisal with no evidence to support these opened allegations by S.I.D..

46.As a result of the defendants to utilize other forms of action to prevent this alleged claim of retaliation and reprisal by the plaintiff that is available within N.J.A.C 10A: such as separation from the alleged inmates and/or transfer to other Correctional facilities, the plaintiff has suffered atypical and significant hardships.

47.The plaintiff has been confined to a single inmate cell for four (4) years for all but Ten (10) minutes per day to take a shower and One (1) hour and Forty-five (45) minutes two days a week.

48.This outdoor recreation is inside a cage approximately 8

53.The plaintiff is forced to eat all his meal in his cell and is not given any time to eat his meals so the plaintiff must keep the trash in his cell to the next meal or the next day.

54.The plaintiff is not provided with recreation and exercise as it is codified within N.J.A.C. 10A:5-5.14(a)(b). The defendant continues to use security as its reason for not complying with 10A: but, provides congregate IV.P.C. and P.C. inmates on the south compound of the prison with the proper recreation and exercise.

55.The New Jersey Legislature Pass a Bill called "Isolated Confinement Restriction Act", Which clearly established New procedures for segregation for incarcerated inmates within the border of the State of New Jersey. This bill specifically addresses inmates placed in IV.P.C.: Section 4. Paragraph (4) subsection(b). The inmate may be placed in Involuntary Protective custody only when there is clear and convincing evidence that confinement is necessary to prevent reasonably foreseeable harm and that no less restrictive intervention would be sufficient to prevent such harm.

56.The defendant(s) has no intention of releasing the plaintiff to general population for the duration of his life sentence without Due Process of Law and credible evidence or other means such as keep separates and transfer to East Jersey State Prison. The continued housing of the plaintiff in IV.P.C. will continue to cause the plaintiff atypical and significant hardship.

57.Upon the plaintiff's information and belief less then 5% of all inmates incarcerated within the State of New Jersey will be subjected to the kind of deprivation and isolation suffered by the plaintiff for more then 2 years and out of that 5% far less then 1% will be subjected to the kind of deprivations and isolation suffered by the plaintiff for a period of time exceeding 5 years.

Respectfully Submitted,

Al-Qaadir Green
SBI # 247719C-140213

Date: 11-23-15

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AL'QAADIR GREEN,<br>      Plaintiff | : |
| | : |
| | :     COMPLAINT |
|         v. | : |
| | : |
| STEVEN JOHNSON, | :     Civil Action No. |
| STEVEN M.DILIO, | : |
| ANTONIO CAMPOS, | : |
| TIMOTHY MAINES, | : |
| R.DOLCE, | : |
| T.CORTES, | : |
| | : |
|       Defendant | : |

### INSTRUCTIONS READ CAREFULLY

1. This complaint must be legally handwritten or typewritten signed by the plaintiff and subscribed to under penalty of perjury as being true and correct. All questions must be answered concisely in the proper space on the form. Where more space is needed to answer any question , attach a separate sheet.

2. In accordance with Rule 8 of the Federal Rules of Civil Procedure , the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends , (2) a short plain statement of the claim that you are entitled to relief and (3) a demand for judgment for the relief which you seek.

3. You must provide the full name of <u>each</u> defendant or defendants and where they can be found.

4. You must send the original and one copy of the complaint to the Clerk of the District Court. You must also send one additional copy of the complaint <u>for each defendant</u>. Do not send the complaint directly to the defendants.

5. Upon receipt of a fee of $150.00 , your complaint will be
   filed. You will be responsible for service of a separate
   summons and copy of the complaint on each defendant. See
   Rule 4, Federal Rule of Civil Procedure.

   Marshal , who is responsible for service. The marshal has
   USM-285 forms you must complete so that the Marshal can
   locate and serve each defendant. If the forms are sent to
   you , you must complete them in full and return the form
   to the marshal.

## QUESTION TO BE ANSWERED

1. Jurisdiction is asserted pursuant to (CHECK ONE)

   _x_     42 U.S.C § 1983 (applies to state prisoners)

2. Previously Dismissed Federal Civil Actions or Appeal

   N/A

3. Place of Present Confinement? New Jersey State Prison

4. Parties

   a.Name of Plaintiff: Al-Qaadir Green
     Address: New Jersey State Prison - P.O. BOX 861
              Trenton,N.J. 08625
     Inmate # SBI 000247719C / 140213

   b.First defendant-name: Steven M. Dilio
     Official position: Administrator(former)
     Place of employment: New jersey State Prison
             How is this person involved in the case?
     This defendants failure to comply with N.J.A.C.10A:5-5.3
     and/or instruct his administrative assistance's to do so

clearly violated the Plaintiffs Due Process rights as required
by N.J.A.C. 10A:5-5.3(c)1.2.3.(d)1.2.or3.(e) and allow the
plaintive to appeal the final decision of the Administration
violating the plaintiffs Federal Constitution Right of Due
Process and right to access to the courts to appeal the final
decision to the New Jersey Appellated division for three
(3) years subjecting the plaintiff to atypical and significant
hardship.

c.Second defendant-name:Steven Johnson

Official position: Administrator

Place of employment: New Jersey State Prison

How is this person involved in the case?
This defendants failure to comply with N.J.A.C.10A:5-5.3
and/or instruct his administrative assistance's to do so
clearly violated the Plaintiffs Due Process rights as required
by N.J.A.C. 10A:5-5.3(c)1.2.3.(d)1.2.or3(e) On Final Admi-
inisrative appeal of plaintiffs placement on Involuntary
Protective Custody and denial of the plaintiffs federal
constitutional right to access to the courts to appeal the
final decision of the Administration to the New Jersey Appell-
ate Division for Four $\frac{1}{2}$ years subjecting the plaintiff
atypical and significant hardship.

d.Third Defendant-name:Antonio Campos

Official Position:Associate Administrator

Place of employment:New Jersey State Prison

How Is This Person Involved In this Case
This defendant repeated failures to adhere to the guide-
lines setforth by the New Jersey Legislator in N.J.A.C.
10A:5-5.1(c);10a:5-5.3(c)1.2.3.(d)1.2.3(e),has Denied and
violated the plaintiffs federal Constitutional right to Due
Process and access to the court, causing the plaintiff to
be arbitrarily housed on Involuntary Protective Custody
status for $4\frac{1}{2}$ years, subjecting the plaintiff to atypical
and significant hardship.

e.Fourth Defendant-name:Timothy Maines

Official Position:Asst.Administrator

Place of employment:New Jersey State Prison

How Is This Person Involved In this Case

This defendant repeated failures to adhere to the guide-
lines setforth by the New Jersey Legislator in N.J.A.C.
10A:5-5.1(c);10a:5-5.3(c)1.2.3.(d)1.2.3(e),has Denied and
violated the plaintiffs federal Constitutional right to Due
Process and access to the court, causing the plaintiff to
be arbitrarily housed on Involuntary Protective Custody
status for $4\frac{1}{3}$ years, subjecting the plaintiff to atypical
and significant hardship.

f.Fifth Defendant-name: R.Dolce

Official Position:Senior Investigator Of The

Special Investigator Division

Place of employment:New Jersey State Prison

How is this person involved in this case?

This defendant repeated failures to adhere to the guide-
lines setforth by the New Jersey Legislator in N.J.A.C.
10A:5-5.1(c);10a:5-5.3(c)1.2.3.(d)1.2.3(e),has Denied and
violated the plaintiffs federal Constitutional right to Due
Process and access to the court, causing the plaintiff to
be arbitrarily housed on Involuntary Protective Custody
status for $4\frac{1}{2}$ years, subjecting the plaintiff to atypical
and significant hardship.

g.Sixth Defendant-name:T.Cortes

Official Position: Involuntary Protective Custody

Hearing Officer

Place of employment:New Jersey State Prison

How is this person involved in this case?

This defendants failure to adhere to N.J.A.C.10A5-5.2,has
denied and violated the plaintiffs Federal Constitutional
Right Of Due Process and has caused the plaintiff to be
arbitrarily confined to his cell for 23 hrs and 50 minutes
a day with no physical human contact or ability to exercise

for $4\frac{1}{2}$ years due to this defendants rudder stamp placement
of plaintiff on Involuntary Protective Custody Status
subjecting the plaintiff to atypical and significant hardship.

5. I previously have sought informal or formal relief from the
appropriate administrative officials regarding the acts
complained of in the statement of claims.

Yes_x_or___No

The plaintiff has completed all four stages of the Inmate
Inquiry and Administrative Remedy/Grievance system at New
Jersey State Prison on two (2) separate occasion (2014&2015)
On both occasions the defendants responded that they will
address the plaintiff's appeal at his next review.

## STATEMENT OF CLAIMS

1.On November 14, 2005 I was convicted (by jury trial) of the
following offense(s) in Indictment No. 01-10-4345: Ct. #1
Conspiracy to commit Robbery 2nd°; Ct.#2 Armed Robbery of Juana
Osuna 1st°; Ct.#3 Armed Robbery of Christian Made 1st°; Ct.#4
Armed Robbery of Sofia Rodriguez 1st°; Ct.#5  Armed Robbery
of Marisol Rosario 1st°; Ct.#6 Attempt Mur. of Sofia Rodriguez
1st°; Ct.#7 SBI of Sofia Rodriguez 2nd°; Ct.#8 Felony Mur. of
Juana Ozuna 1st°; Ct.#10 Know. Purp. Murder of Juana Ozuna on
own conduct 1st°; Ct.#11 Felony Murder of Christian Made 1st°;
Ct.#13 Know. Purp. Murder of Christian Made 1st°; Ct.#14 Unlaw.
Poss. of Weap. (Firearm) 3rd°; Ct.#15 Know., Unlaw. Poss. of
Weap. (handgun) against person/property 2nd°.

2.The Plaintiff was sentenced by HONORABLE JUDGE BETTY J.LESTER
on January 20, 2006 to two consecutive life terms and transferred
to New Jersey State Prison.

3.On June 29, 2009, The plaintiff was involved in a fight with

another inmate which resulted in the plaintiff being charged with institutional an institutional infraction #*004.(Fighting with another person) and was sanction to 30 days of detention consecutive to 130 days of administrative segregation.

4.On July 22, 2011, The plaintiff was involved in a fight with two inmates in the west compound mess hall which resulted in the plaintiff receiving several institutional infractions #*803/*003,*202,256,*004,*306. On July 25,2011, all institutional infractions was dismiss by the disciplinary hearing officer because the plaintiff was not given notice of the infraction in within 48 hours.

5.On July 27,2011, The plaintiff was moved to unit 3-B-R Cell# 03,(Which is a close custody unit that house Protective Custody Involuntary Protective Custody, Maximum Control Unit Inmates, Administrative Segregation Inmates, Title 30 Inmates, and General Population inmates.) and was housed and paid as P.C./M.C.U., without being given notice that inmate was being considered for I.P.C or M.C.U in accordance with N.J.A.C. 10A:.

6.On August 26, 2011, The plaintiff was recharged with the same institutional infraction ( that was dismissed by the Disciplinary Hearing Officer for violation of Due process), # *004,*202,*256, *306,*803/*003,*011. The charges was re-issued by Special Investigator Nadia Zook based on a claim of newly discovered evidence that was not available at the time the original charges which consisted of the video of the fight and a phone call made by the plaintiff after being order by the social to call my cousin because she was calling to findout if i was okay after hearing that i was involved in a fight.

7.On September 29, 2011, The plaintiff was found guilt of all but one of the institutional infractions received on august 26, 2011, except *004 because it was repetitive to *803/*003 infraction.

8.On September 30, 2011, The plaintiff filed an administrative appeal of the institutional infractions that plaintiff was found guilty.

9.On October 13, 2011, Assistant Administrator William Anderson upheld the decision of the Hearing Officer.

10.On November 22, 2011, The plaintiff filed a Notice of Appeal from The Final Order of The Administrative Decision to The APPELLATE DIVISION Of NEW JERSEY.

11.On June 26, 2012, The APPELLATE JUDGE granted the States Motion to remand the Plaintiff's back to New Jersey Department Of Corrections for further review.

12.On July 25, @012, The Hearing Office , ( at the orders of N.J.D.O.C. legal counsel) absent a new hearing or prior notice all institutional charges against the plaintiff was dismissed and his 2 $\frac{1}{2}$ year Administrative segregation sanction was dismissed.

13.On November 16,2012, The Plaintiff returned from yard to find form 146-II(N.J.A.C. 10A:5) notifying the plaintiff that he was,"Now housed in emergent Protective Custody" and "That he is under consideration for placement in Protective Custody", this form was singed by Sergeant S.Spires. The plaintiff was never informed of the reason why he was up for Involuntary Protective Custody or provided with counsel substitute as required by N.J.A.C. 10A:5-5.2(a)(b)(c)(d)(e)(f)(g).

14.On November 16,2012, the plaintiff was given his first Protective custody Hearing by Hearing Officer DiBenedetti.

15.On November 29,2012, the hearing officer made the decision to place the plaintiff on Involuntary Protective Custody based

on allegations and theories mad by Special Investigator Nadia
Zook. **PLEAS NOTE: Special investigator Nadia Zook Is The same
Investigator that re-issue the institutional infraction to the
plaintiff that was dismissed on two occasions for violation
of the plaintiffs DUE PROCESS RIGHTS:**

16.On December 3,2012, the plaintiff received the decision of
the hearing officer by sergeant C.Spires.

17.On December 3,2012, The plaintiff submitted an appeal of
his placement on Involuntary Protective Custody ( via the
institutional mail and the inmate remedy system for documentation
reasons),in accordance with N.J.A.C. 10A:5-5.3(b).

18.On December 21,2012, the plaintiff submitted inmate remedy
form inquiring as to why the administration did not respond
to the plaintiffs letter of Appeal for his IV.P.C. that was
submitted in accordance with N.J.A.C. 10A5-5.(b), that was not
responded to by the administration in accordance with N.J.A.C.
10A:5-5.3(d)(e).The defendant returned the plaintiffs remedy
unanswered with a corrective action form attached with # 18
marked telling the plaintiff to resubmit the appeal; Which the
plaintiff did comply.

19.On January 8, 2013, the plaintiff submitted another inmate
remedy form as to why he had not received a response to the
letter of appeal he submitted challenging his placement on
IV.P.C.. Again, the defendants returned the plaintiff with a
corrective action form attached with # 18 checked.

20.On January 15,2013, Administrator Jimmy Barnse responded
to the plaintiffs housing unit 3-B-L, to conduct quarterly
protective custody reviews and annual prison classification
committee reviews (Plaintiff did not receive neither review)
the plaintiff was able to get Mr.Barnes attention. The plaintiff
asked Mr.Barnes why no one has responded to his IV.P.C. appeal

he responded "That he received my appeal , that he will not
be responding to the appeal but, will address my appeal at my
next quarterly review.

21.On January 15,2013, After speaking with Administrator Mr.
Jimmy Barnes at the plaintiffs cell door, the plaintiff submitted
another inmate remedy form ( case # 13-01-119),reporting the
exchange between the plaintiff and Mr.Barnes regarding the
plaintiffs IV.P.C. appeal and there non-compliance with N.J.A.C.
10A:5-5.3(d).

22.On February 15,2013, The defendant responded to the plaintiffs
inmate remedy form dated January 15,2013 (case # 13-01-119),
and stated that "Pursuant to N.J.A.C. 10A:5-5.4 Your above
request will be addressed during your scheduled IV.P.C. review
in April 2013".

23.On February 27,2013, The Assistant Superintendent or
appropriate Administrative Designee signed the response issued
on February 15,2013, in part 3 of the inmate remedy form
endorsing the response.

24.On March 7, 2013, The plaintiff appealed the response issued
in part 3 of the inmate remedy form. The plaintiff quoted what
N.J.A.C. 10A:5-5.3(d)(e) states regarding the duty of the
administration when it come to the Appeal of IV.P.C..

25.On March 26,2013, The defendant responded to the appeal of
the plaintiffs inmate remedy form. The defendant reiterated
that the " plaintiff has a quarterly review in April and should
the plaintiff have an appeal that was submitted to provide the
administration with a copy at the review.

26.On January 16,2014, The plaintiff submitted an inmate remedy
form ( after finding out that the Prison was under a new
Administration headed by Mr.Stephen M.Dilio ) , detailing that

he was being denied Due Process of law starting from the plaintiffs placement on IV.P.C..(case # 14-02-0441)

27.On February 27,2014, Mr.Robinson responded to the plaintiffs remedy ( case # 14-02-0441) stating that he will schedule a court line hearing as soon an updated S.I.D/P.C. report is submitted.

28.On March 5,2014, The plaintiff appealed Mr. Robinson's response in part 3 of the inmate remedy form (case # 14-02-0441) stating that a new hearing does not correct the fact that his appeal of the first IV.P.C. was never addressed.

29.On March 2014, Administrator Antonio Campos responded to the plaintiffs inmate remedy appeal, and stated that the appeal will be addressed a the "HEARING".

30.On July 29,2014, The plaintiff was given notice by sergeant C.Spires,that he was up for protective custody review on July 31,2014.

31.On July 31,2014, The plaintiff was given a protective custody hearing by hearing officer Falver. The hearing officer denied the plaintiff counsel substitute to adequately collect evidence and present the facts. The hearing officer told the plaintiff to write to S.I.D and ask them to conduct the plaintiffs investigation. Absent counsel substitute the hearing officer base its reason for the plaintiffs continued placement on Involuntary Protective Custody on a claim made by S.I.D that the plaintiff will retaliate and seek reprisal of unnamed inmates.

32.On August 6,2014, The plaintiff submitted an appeal of the hearing officers decision to continue the plaintiffs placement on IV.P.C. that was received and stamped received by GM.Dipasquale at 9:05 am. This appeal was submitted in accordance

with N.J.A.C. 10A:5-5.(b).

33.On November 24,2014, The plaintiff submitted an Inmate
Grievance form (case no. 14-12-0003), after waiting for a
response to plaintiffs IV.P.C. appeal decision that was submitted
on August 6,2014.

34.On December 5,2014, The plaintiff received the final response
allowed after exhausting the Inmate Grievance system, the
defendant Antonio Campos responded that the plaintiffs appeal
was denied but failed to do so in accordance with N.J.A.C. 10A:
5-5.3(c)1.2.3.(d)1.2.3.(e). Denying the plaintiff his
Constitutional Right to Due Process of Law and Access to the
Court.

35.On July 18,2015, The plaintiff was notified by Sergeant
C.Spires by way of form 146-II that he was to have an annually
review on July 21,2015 to determine if the plaintiffs placement
on IV.P.C. is warranted.

36.On July 29,2015, The plaintiff received an IV.P.C. hearing
that was conducted by Hearing Officer T.Cortes a defendant in
this action. The defendant T.Cortes based her decision to keep
the plaintiff on IV.P.C. off S.I. R.Dolce report dated June
23,2015, which is the exact same report submitted by S.I. Zook
dated October 31,2012  and S.I. K.Koch dated July 17,2014. The
reports are verbatim to each other except for the names of the
author and the date it was issued. The hearing Office also relied
on the report of the incident dated September 13,2011, that
was dismissed on two separate occasions because the usage of
the reports violated the plaintiffs Constitutional Right to
Due Process of Law. With all the information that the Hearing
Officer relied  on to rubber stamp S.I.D placement of the
plaintiff on IV.P.C.
the hearing officer could not have believed or agreed with
the plaintiffs placement on IV.P.C. because she recommended

that the plaintiff be transferred to another prison general
population.

37.On July 31,2015, The plaintiff promulgated several copies
of his appeal contesting the hearing officers continued place-
ment of the plaintiff on IV.P.C..

38.On September 17,2015, The plaintiff received a response from
Melissa Matthews, one of the several people the plaintiff sent
a copy of his IV.P.C. appeal to asking that they forward it
to the appropriate Administrator. Mrs. Matthews, stated that
she spoke with the defendant Timothy Maines, that he is in
receipt of the plaintiff IV.P.C. appeal, that the matter is
under review, and a response is forthcoming.

39.On October 8,2015, The plaintiff received a response on the
Inmate Grievance form (dated 8-1-15) that the plaintiff attached
to his IV.P.C. appeal. The grievance was answered by the
defendant Timothy Maines stating " your appeal will be considered
during your next scheduled P.C. review. The defendant did not
give this grievance a case number for tracking purposes instead
the plaintiff wrote in place of the case number" Not Grievance".

40.On October 8,2015, The plaintiff responded to the defendants
response in part 3 of the inmate grievance form. The plaintiff
Quoted N.J.A.C. 10A:5-5.3 and informed the defendant that by
not complying with 10A: they are denying the plaintiff his
constitutional right of Due Process of Law and Access to the
Courts to appeal the final decision of the Administration.

41.On October 14,2015, The plaintiff received the Inmate
Grievance form unanswered with an Inmate Grievance System
Redirective Form attached with # 13 marked stating " this form
was not a Grievance and therefore can not be appealed. Resubmit.
The defendant responded to the plaintiff's appeal on a grievance
in part 3 of the Inmate Grievance Form. Therefore, the plaintiff

has to appeal an action that does not comply with N.J.A.C. 10A:5-
5.3 and violates the plaintiffs Constitutional Rights.

42.The plaintiff has now been housed o IV.P.C. status for a
period in excess of four (4) years based solely on an
Investigation that did not include an interview of the plaintiff
or other inmates that S.I.D allege the plaintiff seeks to
retaliate against.

43.No Hearing Officer has ever conducted an independent
investigation or based their reason for the plaintiff's continued
placement on IV.P.C. other then S.I.D. . Although , N.J.A.C.
10A:55.2 allows the hearing officer to do so.

44.No Administrator or commissioner has ever insured that the
regulations codified in N.J.A.C. 10A:5-5.1-24 is being adhered
to by their subordinates.

45.The reason for the plaintiff's placement has changed from
a threat on the plaintiff's life to the plaintiff is seeking
retaliation and reprisal with no evidence to support these opened
allegations by S.I.D..

46.As a result of the defendants to utilize other forms of action
to prevent this alleged claim of retaliation and reprisal by
the plaintiff that is available within N.J.A.C 10A: such as
separation from the alleged inmates and/or transfer to other
Correctional facilities, the plaintiff has suffered atypical
and significant hardships.

47.The plaintiff has been confined to a single inmate cell for
four (4) years for all but Ten (10) minutes per day to take
a shower and One (1) hour and Forty-five (45) minutes two days
a week.

48.This outdoor recreation is inside a cage approximately 8

foot x 12 foot in diameter with no form of exercise, access
to running water ( Plaintiff is allowed to bring one (1) 22
oz. cup of water to yard in 20° or 90° degree weather ), or
a bathroom.

49.The plaintiff is not allowed to have any contact with other
inmates at all. this is to include during recreation periods.

50.The plaintiff is not allowed contact visit with family or
friends. The plaintiff contact visit was taken for one (1) year
in 2009 by the hearing officer for a non zero tolerance
infraction. The only way for the plaintiff to have his contact
visit reinstated the plaintiff must partake in an institutional
program such as but not limited to cage your rage , thinking
for a change behavior modification AA or NA.

51.The plaintiff is not allowed to partake in institutional
programs or educational programs as codified in N.J.A.C. 10A:
5-5.15. This denial to allow the plaintiff to partake in the
institutional programs is preventing the plaintiff from receiving
contact visits from his father who is a retired N.J.D.O.C.
Correction Officer that now lives in South Caroline and has
to travel twelve (12) hours for a visit. This administration
also uses the plaintiff lost of contact visit as a tool to deny
the plaintiff congregate status which allows for the inmate
to be house on a unit designated for IV.P.C. and P.C. that
receive contact visits. This denial has caused the plaintiff
to suffer atypical and significant hardship.

52.The plaintiff is not allowed sufficient access to the law
library , reading library, the machines ( typewriters ), or
legal calls. The plaintiff must get a paralegal to make legal
calls for him but, the paralegal has to act like he is the
plaintiff because the court will not provide the plaintiffs
information to a third party.

53.The plaintiff is forced to eat all his meal in his cell and is not given any time to eat his meals so the plaintiff must keep the trash in his cell to the next meal or the next day.

54.The plaintiff is not provided with recreation and exercise as it is codified within N.J.A.C. 10A:5-5.14(a)(b). The defendant continues to use security as its reason for not complying with 10A: but, provides congregate IV.P.C. and P.C. inmates on the south compound of the prison with the proper recreation and exercise.

55.The New Jersey Legislature Pass a Bill called "Isolated Confinement Restriction Act", Which clearly established New procedures for segregation for incarcerated inmates within the border of the State of New Jersey. This bill specifically addresses inmates placed in IV.P.C.: Section 4. Paragraph (4) subsection(b). The inmate may be placed in Involuntary Protective custody **only when there is clear and convincing evidence that confinement is necessary to prevent reasonably foreseeable harm and that no less restrictive intervention would be sufficient to prevent such harm.**

56.The defendant(s) has no intention of releasing the plaintiff to general population for the duration of his life sentence without Due Process of Law and credible evidence or other means such as keep separates and transfer to East Jersey State Prison. The continued housing of the plaintiff in IV.P.C. will continue to cause the plaintiff atypical and significant hardship.

57.Upon the plaintiff's information and belief less then 5% of all inmates incarcerated within the State of New Jersey will be subjected to the kind of deprivation and isolation suffered by the plaintiff for more then 2 years and out of that 5% far less then 1% will be subjected to the kind of deprivations and isolation suffered by the plaintiff for a period of time exceeding 5 years.

Respectfully Submitted,

Al-Qaadir Green
SBI # 247719C-140213

Date: 11-23-15